## F. C. MOREHEAD VS. JOHN CHAFFE, BRO'S & SON.

1. PROCESS: *Execution thereof. Return by the sheriff.*
Where the return of a process by the sheriff, when read in connection with the summons to be executed, and to which it refers, sufficiently indicates that the defendant was not to be found in the county after diligent search; that a copy of it was delivered to a Mr. Roby, of the family of defendant; that he was sixteen years of age and willing to receive it, and did receive it at the defendant's usual place of abode, in the said county, is sufficient to uphold a judgment by default rendered upon it. The fact that the christian name of the person with whom the summons is left is not mentioned is immaterial.

ERROR to the Circuit Court of *Washington* County.

Hon. C. C. SHACKLEFORD, Judge.

The sufficiency of the sheriff's return on the summons is the only question involved, and the return is set out in the opinion of the court.

It is assigned for error that the judgment was rendered upon an insufficient return of the summons, and that an *alias* summons should have been awarded.

*W. L. Nugent*, for plaintiff in error:

Cited Code of 1871, § 701. The return must show an affirmative compliance with the statute. 44 Miss., 293–543; ib., 246; 46 Miss., 72.

*J. B. Harris* and *Harris & George*, for defendants in error:

Cited the Code of 1871, § 701. By comparing the return with the statute, we find it is sufficient—it is even in the words of the statute. The omission of the christian name of Mr. Roby is immaterial. See 44 Miss., 235; ib., 543. The return, as to its meaning, is to be sustained if it can be by fair legal intendment. 30 Miss., 440; 13 S. & M., 373; 5 S. & M., 470; 38 Miss., 48; 32 Miss., 268.

CAMPBELL, J., delivered the opinion of the court.

The question is as to the sufficiency of the return of service of the summons to warrant the judgment by default. The return is in these words, viz.: "Returned—executed the within process by handing to Mr. Roby, a person of his family, of the

11

age of 16 years, at his usual place of abode in my county, such person being then and there willing to receive the same, a true copy of this process, said defendant not being found in my county, after diligent search. This 8th day of April, 1874.

     "O. WINSLOW, Sheriff.

     "E. F. EUBANK, D. S."

By reading the return of the sheriff in connection with the summons he was commanded to execute, and to which his return refers, it will be found that the language of the return sufficiently indicates that the defendant was not to be found in the county, after diligent search, and that a true copy of the summons was delivered to a Mr. Roby, of the family of defendant, at defendant's usual place of abode in said county, and that Mr. Roby was willing to receive the copy, and that he was sixteen years of age; and such being the fair interpretation of the return, it is sufficient to uphold the judgment by default rendered upon it. That Mr. Roby is not designated by a christian name is immaterial. He may not have had one; but, if he had, the failure to state it did not affect the validity of the return.

The judgment is affirmed.