FRED. GOENER *vs.* JACOB WOLL.

August 22, 1879

Cattle running at Large.—Laws 1873, *c.* 20, § 1, (Gen. St. 1878, *c.* 19, § 39,) (an act to restrain the running at large of rams and other domestic animals,) is independent of section 2, and an action may be maintained under its provisions without a compliance with the latter section.

Summons—Return of Service by leaving at Place of Abode.—The following properly-signed indorsement upon a summons is a sufficient return of sufficient service, to wit: "(Venue.) I hereby certify and return that, at the town of St. Augusta, in said county and state, on the seventh day of November, 1877, I served the within summons upon the within-named defendant, Jacob Woll, by leaving a true and certified copy at. his usual place of abode, with his wife, she being a suitable person of age and discretion, and then a resident therein; and further, that the person so served, as aforesaid, is the identical person named as defendant herein."

Public Officer—Ministerial Acts—Presumption.—Where a public officer is. required to perform a ministerial duty in one of two ways, according to circumstances, and he performs it in one of them, the general presumption that officers of that kind do their duty operates as a presumption that the mode of performance was that which the circumstances authorized.

"At large," defined.—The words "at large," in the phrase "running at large," found in Laws 1873, *c.* 20, above cited, mean without restraint or confinement.

Plaintiff, as chairman of the board of supervisors of the town of St. Augusta, in Stearns county, brought this action in a justice's court, under Laws 1873, *c.* 20, § 1. After judgment against him, the defendant appealed to the district court. for the county, on questions of law and fact. A jury was.

waived, and the action tried before *McKelvy,* J., and judgment rendered for plaintiff, from which the defendant appeals.

*Taylor & Storey,* for appellant.

*L. W. Collins,* for respondent.

BERRY, J. 1. "If the owner * * of any * * ram, over the age of three months, * * shall suffer the same to run at large, he shall forfeit to the town in which the animal shall be so at large the sum of five dollars for each and every day such animal shall be so at large; and it shall be the duty of the chairman of the board of supervisors, and he is hereby authorized and required, to sue for and collect, in his name of office, such forfeitures, in any court having jurisdiction of such action." Laws 1873, *c.* 20, § 1. (Gen. St. 1878, *c.* 19, § 39.) Section 2 of the same chapter (Gen. St. 1878, *c.* 19, § 40) proceeds, "and the chairman, when notified by any person that such * * rams * * are running at large, shall, within twenty-four hours after such notice, give notice to the owner * * of such * * ram; * * and if the owner * * of such * * ram * * * does not enclose the same, the chairman shall immediately cause a suit to be brought against such owner; * * and any suit so commenced shall constitute and be a lien upon the animals therein described, in favor of the plaintiff, to the extent of the defendant's title or interest therein."

As we construe these two sections, the latter does not limit or qualify the former. Section 1 is an independent section, and an action may be maintained under its provisions, without a compliance with the provisions of section 2.

2. The endorsement of service upon the summons issued in this action was signed by the proper sheriff, and avers as follows:

"STATE OF MINNESOTA, } ss.
    County of Stearns. }

"I hereby certify and return that at the town of St. Augusta, in said county and state, on the seventh day of November, 1877, I served the within summons upon the within-named

defendant, Jacob Woll, by leaving a true and certified copy at his usual place of abode, with his wife, she being a suitable person of age and discretion, and then a resident therein; and, further, that the person so served as aforesaid is the identical person named as defendant herein."

This is a sufficient return of sufficient service. Where a public officer is required to perform a ministerial duty in one of two ways, according to circumstances, and he performs it in one of them, the general presumption that officers of that kind do their duty operates as a presumption that the mode of performance was that which the circumstances authorized. *Bidwell* v. *Coleman*, 11 Minn. 45 (78;) *Golcher* v. *Brisbin*, 20 Minn. 453; *Tullis* v. *Brawley*, 3 Minn. 191 (277;) *Rohrer* v. *Turrell*, 4 Minn. 309 (407;) *Central Bank* v. *Wright*, 12 Wend. 190; *Hughes* v. *Mulvey*, 1 Sandf. 92; *Board of Commissioners* v. *Doherty*, 16 How. Pr. 46; *Potter* v. *Whittaker*, 27 How Pr. 10. Applying this rule to this case, the presumption arises that the service made by leaving a copy of the summons at defendant's usual place of abode was made as provided by Gen. St. *c.* 65, § 11, when the defendant could not be found.

3. The complaint alleges that plaintiff is chairman of the board of supervisors of the town of St. Augusta, in Stearns county; that the defendant, being the owner of a ram of the age of one year, suffered the same to run at large in said town twenty days between certain dates; and judgment is demanded for the penalty provided by statute. The case was submitted to the district court upon the following stipulation, viz.: "The defendant admits that the ram of this defendant was running with the other sheep of this defendant, upon fifteen different days, between the seventeenth day of September and the fifteenth day of October, A. D. 1877, and that a portion of said premises where said ram so ran were unenclosed during said time; that upon said days said ram was also upon the public highway upon said land, feeding; that he crossed the same, with other sheep of defendant, and fed upon land belonging to one Sigenbien, which was not fenced,

but the use of which said defendant had during that summer; and further admits that all the allegations of the complaint are true, except as qualified above." There was no other evidence in the case.

The court below found that, between the dates mentioned, the defendant suffered said ram to run at large in the town of St. Augusta fifteen days. A simple money judgment was entered against defendant, for $75 and costs. The defendant contends that the finding that the ram ran at large is not supported by the evidence. We think that the statute uses the words "at large" in the sense of "without restraint or confinement," in accordance with the definition given in Webster's dictionary. The principal object of the statute we take to be the protection of the owners of ewes, both as respects the breed of lambs and the time of yeaning. Now, whether a ram is allowed to go at large—that is, without restraint or confinement—upon his owner's land, or upon other lands, the risk to owners of ewes in the neighborhood still exists; and the only way to put an end to it is to so confine or restrain him that he cannot roam where he pleases. This may be done by keeeping him in an enclosure, by tying him, by watching him, and, perhaps, in other ways. It seems to us, therefore, that there can be no doubt that the words "at large" are used in the sense before indicated. It follows that if a ram is suffered to go about without restraint or confinement, even though it be upon land belonging to his owner, or of which such owner has a rightful use, he runs at large within the meaning of the statute. The statute, as applicable to this case, is in the nature of a police regulation, passed in the interest of sheep husbandry, and we see no reason to doubt its constitutionality.

Now the complaint in this case alleges that the defendant suffered his ram to run at large between certain dates, and the stipulation admits this, as well as the other allegations of the complaint, to be true, except so far as it qualifies them. The effect of the stipulation is to admit that the defendant suf-

fered the ram to run at large, except so far as that admission is qualified by the fact that he was upon defendant's own land, or land of which he was rightfully in use. In the view which we have above expressed, this is no qualification at all. It follows, then, that the stipulation is evidence to support the finding that the defendant suffered his ram to run at large.

Judgment affirmed.