R. G. ROBISON ET AL. *v.* W. D. MILLER, ADMR., ETC.

1. PROCESS. *Constructive service. Member of family. Name.*
   A return of service of process by leaving the writ with a member of the
   defendant's family, over sixteen years of age, is not fatally defective
   if it does not give the name of such person.

2. SAME. *Delivery of writ. Usual place of abode.*
   Such a return is, however, fatally defective unless it states that the de-
   livery was made at the defendant's usual place of abode.

3. INTEREST. *Decree. Excessive rate.*
   A final decree foreclosing a lien on land for the purchase-money is
   erroneous if it provides that the sum due shall bear interest at ten
   per cent per annum, when there is nothing to show that the debt
   bore more than six per cent.

ERROR to the Chancery Court of Panola County.

Hon. J. C. GRAY, Chancellor.

*Phipps & Burney*, for the plaintiffs in error.

Where the service is constructive, strict compliance with
the statute is essential. *Bustamente* v. *Bescher*, 43 Miss. 172.
Under Code 1871, §§ 701, 702, the name of the person with
whom the copy of the writ is left must be stated, for any
serious defect in the return of service renders the decree erro-
neous. *Bacon* v. *Bevan*, 44 Miss. 293; *Hammond* v. *Olive*,
44 Miss. 543; *Hargus* v. *Bowen*, 46 Miss. 72. The case of
*Morehead* v. *Chaffe*, 52 Miss. 161, supports this position.

No counsel for the defendant in error.

GEORGE, C. J., delivered the opinion of the court.

This was a proceeding to enforce a lien on land for a balance
of the purchase-money. The defendants were the purchaser
and his two sureties. The service of the summons as to the
purchaser was in these words: " Executed on Robert G. Robi-
son, by leaving a true copy of the same with a member of his
family over the age of sixteen, he being willing to take and
deliver the same, as he could not be found in my county after
diligent search." On this service, a *pro confesso* was entered
and a final decree rendered.

It is now objected that the service is defective, in that it
does not give the name of the member of the family to whom

the summons was delivered. We do not regard this objection as well taken. It was objected in *Morehead* v. *Chaffe*, 52 Miss. 161, that the Christian name of the person was not stated in the return, and it was held that this was unnecessary, and that a substantial and not a literal compliance with the statute was all that was required. The total omission of the name can work no injury. The substantial thing to be done was to leave the summons with a member of the family of the defendant, over the age of sixteen years, and the return states that this was done.

But the return is fatally defective in not stating that this delivery was made at the usual place of abode of the defendant. The statute is express in requiring the delivery to be made at that place, and also in the requirement that, if a member of the family willing to receive the summons cannot be found at the usual place of abode of the defendant, then a copy of the summons shall be posted on the door of the defendant's place of abode. Code 1871, §§ 701, 702. The absence of the defendant from his usual dwelling-place, and from the county, is regarded as temporary, and it is presumed that when the defendant returns to his county he will return to his dwelling, and that he will then receive the copy left for him. It might be that, if the delivery were made at another place, the person receiving the summons would not return in time to deliver it to the defendant, or would lose it before the return, or that it would be lost in the attempt to transmit it by another; and the statute does not contemplate or authorize the employment of any other agent than a member of defendant's family to transmit the summons.

The final decree is also erroneous in providing that the amount ascertained to be due shall bear interest at ten per cent per annum. There is nothing in the bill or exhibits or proof which shows that the debt bore a greater rate of interest than six per cent. On the contrary, the master's report of the amount due shows that interest was calculated at six per cent. The statute provides " that all judgments and decrees, founded on any contract, shall bear interest after the rate of the debt on which such judgment or decree was rendered." Code 1871, § 2279.        *Decree reversed and pro confesso set aside.*