HARVEY GILLITT *vs.* M. O. W. TRUAX and another.

April 29, 1881.

Justice of Peace — Effect of Judgment. — The objection that a justice's judgment is larger than the complaint justifies cannot be made in a collateral action.

Same — Adjournment.—On the return-day of the summons the plaintiff appeared and filed his complaint. Defendant did not appear. *Held*, the justice did not lose jurisdiction by holding the case open until the second day thereafter to enable plaintiff to make his proofs.

Levy on Growing Grain.—Growing grain may be levied on at any period of its growth, whether the growth is going on below or above the surface of the soil.

Appeal by plaintiff from a judgment of the district court for Dakota county, *Crosby*, J., presiding, and from an order refusing a new trial.

*L. Van Slyck*, for appellant, cited *School District* v. *Thomp-*

*son,* 5 Minn. 221, (280,) and *Holgate* v. *Broome,* 8 Minn. 209, (243.)

*D. T. Chamberlain,* for respondent.

GILFILLAN, C. J. The questions raised in this case are upon the validity of a judgment rendered by a justice of the peace, and of a levy of the execution thereon upon growing grain. The objections to the judgment are that the complaint on which it was rendered does not justify so large a judgment; this, if true, was only error, not affecting the jurisdiction, and does not affect the judgment in a collateral action; also' that, as shown by the justice's docket, on the return-day of the summons, April 11th, after the plaintiff had filed his complaint, defendant not appearing, the justice, to enable plaintiff to furnish proof of his claim, held the case open until April 13th, on which day plaintiff appeared and made his proofs, and that so holding the case open operated to oust the justice's jurisdiction. The defendant not appearing upon the filing of the complaint, the pleadings were closed, and, under the statute, the justice had authority to adjourn the case for one week. What he did, in effect, was to adjourn it for two days. The judgment was valid.

At the time of the levy, the grain levied on had sprouted, but had not grown so as to be visible above the ground. It is claimed that a levy cannot be made upon growing grain until it is visible above the ground, so that the officer may see and know what he is levying upon. The statute determines the question. Gen. St. 1878, *c.* 66, § 315, reads: "A levy may be made upon grain or grass, while growing, and upon any other unharvested crops; but no sale thereof shall be made, under such levy, until the same is ripe or fit to be harvested; and any levy thereon, by virtue of an execution issued by a justice of the peace, or any court of record, shall be continued beyond the return-day thereof, if necessary, and remain in life; and the execution thereof may be completed at any time within thirty days after such grain, grass, or

34

other unharvested crop is ripe, or fit to be harvested." This does not limit the right to levy to any period of growth; at any time while growing, from first to last, the grain is subject to levy, without regard to whether the growth is going on below or above the top of the soil. In the case of this grain the growth had commenced, and under the statute the levy might be made.

Order and judgment affirmed.