ROBERT L. GALE *vs.* AMAND SEIFERT.

August 30, 1888.

**Appeal—Discharge of Attachment on Bond Given.**—An order discharging an attachment, upon a bond given as security in place of the attachment, is appealable.

**Attachment—Bond for Discharge—Acknowledgment of Sureties—Discretion of Court.**—A judge of the district court may, in his discretion, excuse compliance with a rule of court requiring a bond to be acknowledged by the sureties.

**Same—Remedy for Want of Acknowledgment.**—If a bond, defective in the above particular, has been approved without the defect having been noticed, application should be made in the district court to have the bond acknowledged.

Appeal by plaintiff from an order of the district court for Stearns county, *Collins,* J., presiding, discharging an attachment.

*Taylor & Calhoun,* for appellant.

*Tolman & Baldwin,* for respondent.

DICKINSON, J.[1] In this action, a writ of attachment having been levied upon real property of the defendant, the same was discharged by the court upon a bond being given pursuant to Gen. St. 1878, c. 66, § 157. The plaintiff appealed.

The order was appealable as an order vacating an attachment. The only defect in the proceedings was that the bond upon which the attachment was discharged did not bear a certificate of the acknowledgment of the same by the sureties, as required by rule 4 of the district court. It did bear the proper affidavit of justification by them. There is no suggestion that the sureties did not in fact execute the

[1] Collins, J., having made the order appealed from, did not participate in this decision.

bond, and there is no reason to suppse that they did not do so. The bond was obligatory without an acknowledgment. The district judge having formally approved the bond, and having thereupon discharged the attachment, it is to be inferred, either that he considered, for reasons not disclosed, that the rule should be dispensed with, or, as is more probably the case, that from inadvertence the defect in respect to the acknowledgment was not observed. If the former was the case, there is no apparent reason for reversing the action of the court; for it was within his discretion to excuse compliance with the rule. If the latter was the case, this appeal should not be considered with favor, no application having been made in the district court to supply an omission resulting from inadvertence, which probably would have been cured as a matter of course. See *Blake* v. *Sherman,* 12 Minn. 305, (420, 425.) The appellant's brief seems to disclose that he is not so much concerned as to the sufficiency of the bond and security as he is in being deprived, by the discharge of the attachment, of the right to redeem the attached property from some prior sale. That suggests no reason for retaining the attachment, if the security contemplated by the statute as a substitute for the attachment has been given, and is available as security for the judgment which may be recovered in this action.

Order affirmed.