E. J. COUR *vs.* LYMAN E. COWDERY *et al.*

Submitted on briefs April 10, 1893. Decided April 24, 1893.

**Defective Return by a Justice of the Peace on Appeal.**

A judgment of a justice, appealed to the district court on questions of law alone, cannot be reversed merely because the justice, having been requested to do so, has not returned all the evidence. The party's remedy in such case is by proceedings to compel a full return.

Appeal by plaintiff, E. J. Cour, from a judgment of the District Court of Dodge County, *Thomas S. Buckham,* J., entered March 28, 1892.

This action was commenced September 22, 1891, before George B. Arnold, a Justice of the Peace of Dodge County, against defend-

ants Lyman E. Cowdery and J. G. Wheeler, to recover $35 balance due for an elevator-bootpan, made by the North Star Iron Works and delivered to the defendants. Plaintiff was assignee of the claim. The defendants answered that the pan was warranted to be made of good materials and water-tight; that it was in fact made in part of old and poor materials, and was not water-tight; that by reason of the breach of the warranty, they sustained $35 damages. After hearing the evidence, the Justice rendered judgment for defendants. The plaintiff appealed to the District Court on questions of law alone, and requested the Justice to return all the evidence. He made return to the District Court December 8, 1891, but included only a small part of the evidence given before him on the trial. Plaintiff obtained an order for an amended return. The Justice made a further return March 1, 1892, stating his recollection of the substance of the evidence, and stating that no request was made on the trial that he take down the evidence in writing; that he did not do so, and could not then recollect or return the greater part of the evidence given; that it was impossible for him to make a correct or full return of the evidence.

No further return was asked by either party, and the case was submitted for decision upon the merits. The trial court affirmed the judgment of the Justice, saying: "Under this condition of things, this court cannot disturb the result reached by the Justice on the ground that the evidence did not warrant the judgment rendered, even if no effect is given to the evidence to support it set forth in the second return."

*Willis A. McDowell,* for appellant.

If a Justice cannot, or will not, send up the evidence, the case should be reversed. An unsuccessful litigant is entitled to a review of his case on the evidence introduced before the Justice if he so elects, without having such review prevented by a Justice anxious to sustain his decision in the case. *Robison* v. *Medlock,* 59 Ga. 599.

The evidence returned should have been considered, so far as to ascertain whether on it the Justice could properly render the judgment he did. *Croonquist* v. *Flatner,* 41 Minn. 291.

*S. T. Littleton,* for respondent.

The District Court must decide the appeal on its merits as presented by the return of the Justice. If the appellant fails to get all the evidence returned and submits his case on the return as made, it must be decided on that return. The presumption is that the Justice decided rightly. To reverse, error must be shown. If the evidence is not all returned, the presumption is, that if it were returned, it would support the judgment of the Justice.

GILFILLAN, C. J. Action commenced before a justice of the peace, and, after judgment for defendant, appealed on questions of law alone to the district court, where the judgment of the justice was affirmed. In the notice of appeal from the justice the appellant requested him to return all the evidence. Upon the first return it did not appear whether all the evidence was set forth, and the appellant procured an order from the district court requiring the justice to return all the evidence, and the justice made a further return, in which he sets forth some further testimony, not according to the exact language, which he says he is unable to state, but, as we understand it, according to its substance. On these returns the parties went to a hearing in the district court without any objection, so far as the record shows.

The district court held that, because all the evidence was not returned, it could not disturb the result on the ground of insufficiency of the evidence. It would not have been justified in reversing on the evidence in the returns, it being sufficient to sustain the justice's finding; and as the court reached a right conclusion, even though the reason may have been wrong, its decision must stand.

The appellant appears to claim that, if the justice (being requested by appellant) fail to return all the evidence, the judgment must for that reason be reversed. That certainly cannot be so. It would be a reversal of the rule that error is not presumed, but must be shown. For failure to return the evidence in full the remedy of either party is by application to compel the justice to return it, and if either claims that certain evidence, not returned, was in fact given, he may undoubtedly have an order requiring the justice to return specifically whether or not that evidence was given, in sub-

stance, at any rate, though he may not be able, from not having kept minutes, to certify to the exact language.

We do not see any merit in the other assignments of error.

Judgment affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 935.)

Submitted on briefs April 10, 1893.   Decided April 24, 1893.