ALVIN A. MEISTER *et al. vs.* R. P. RUSSELL *et al.*

Submitted on briefs April 10, 1893. Decided April 24, 1893.

**New Trial.**

Upon an appeal from a justice on questions of law alone the district court may, after a decision, reconsider and modify its first decision of the case.

**Docket Entries in Justice Court.**

The omission of a justice to state in his docket the fees due to each person separately, as required by 1878 G. S. ch. 65, § 7, subd. 8, does not render the judgment erroneous.

**District Court may Modify the Judgment Appealed from.**

On such an appeal the district court may modify the judgment where the erroneous part is severable from the remainder.

Appeal by defendant, Peter P. Swenson, from a judgment of the District Court of Hennepin County, *William Lochren,* J., entered November 30, 1892.

The plaintiffs Alvin A. Meister and Seymour L. Meister, of La Crosse, Wis., commenced this action July 28, 1892, in the court of a Justice of the Peace, against R. P. Russell and Peter P. Swenson, to recover the possession of an iron safe, a letter-press, and a show case, taken by Swenson, as sheriff, on a writ of execution against the property of their father, S. A. Meister, who was managing the St. Charles Hotel in Minneapolis. The property was taken from the sheriff by the coroner, and on receiving bond he redelivered it to the sheriff. Defendant Russell was not served and did not appear in the action. The plaintiffs filed their complaint with

the Justice, stating that they owned the property, that its value was $90, and that defendants had taken it from their possession. They asked judgment for its return, or for $90 the value thereof, in case a delivery could not be had. On the trial August 27, 1892, before the Justice, the plaintiffs had judgment that they were owners of the property, and that defendant Swenson return it to plaintiffs, and in case a return could not be had that plaintiffs have judgment against him for $92, the value thereof, and that plaintiffs recover of defendant $14.65 costs and disbursements. No statement of the items of these costs and disbursements was entered in the docket.

Defendant Swenson appealed to the District Court, on questions of law alone. On September 28, 1892, that court ordered that the judgment of the Justice be reversed, on the ground that it was for two dollars in excess of what was demanded in the complaint, and because the Justice failed to enter in his docket the items of cost due to each person separately. On October 7, 1892, plaintiffs gave notice of a motion for a new trial, for errors of law occurring on the trial, and on the ground that the order for judgment was not justified by the return and was contrary to law. This motion was heard October 15, 1892, and a new trial granted. On reargument, the judgment of the Justice was modified by striking out two dollars from the adjudged value of the property. In all other respects it was affirmed. Judgment was entered in the District Court November 30, 1892, that plaintiffs are the owners and entitled to the possession of the property, and in case a return thereof cannot be had, that they recover of defendant Swenson and H. J. Saunders, the surety on his appeal bond, the sum of ninety dollars, the value of the property, and that plaintiffs also recover their costs and disbursements, taxed at $27.43.

From this judgment defendant Swenson appeals to this court.

*C. E. Brame,* for appellant.

*Merrick & Merrick,* for respondents.

GILFILLAN, C. J. This is an action in replevin, commenced before a justice of the peace, and, after judgment for plaintiff, removed to the district court by appeal on questions of law alone.

The defendant answered before the justice without making the

objection made here, to wit, that the writ was not served by the proper officer; so it was waived.

The complaint alleged the value of the property at $90. This was put in issue, and the justice found it to be $92, and, the property not having been delivered to plaintiff, entered judgment in his favor for the return of the property, and, in case a return could not be had, for its value, $92, and for the costs, stated in gross at $14.65. On a hearing before the district court it ordered judgment reversing the judgment of the justice because of the excess of the $2 above the value stated in the complaint, but on a motion by plaintiff for a rehearing or new trial it modified the judgment by striking out the $2, leaving it to stand for the $90.

The appellant objects that the district court had no authority to reconsider and modify its first decision. The authority is fully given by 1878 G. S. ch. 66, § 125.

He objects, also, that the justice's failure to state the fees due to each person separately, as required by 1878 G. S. ch. 65, § 7, subd. 8, rendered the judgment erroneous. The entry of the fees separately is not required to be in the judgment, and is no part of it, but is to be a separate entry in the docket, like many other such entries required to be made. The omission to make any one of them does not make the judgment erroneous, though probably a party to the action may insist upon the justice making the omitted entry.

As an appeal on questions of law under our system of procedure is for the correction of error, we have no doubt that upon an appeal from a justice on questions of law the court may, if the erroneous part of the judgment be severable from the remainder, reverse as to the erroneous part, leaving the remainder to stand; in other words, may modify the judgment so that it shall be correct.

Judgment affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 54 N. W. Rep. 935.)