Geo. H. Smith *vs.* Olof P. Victorin.

Submitted on briefs May 15, 1893. Affirmed July 31, 1893.

### An Affidavit Construed.

An affidavit for an attachment in justice court, which shows, by recital, that the party procuring it is the agent of the plaintiff, is presumptively, and by a fair interpretation of the statute, to be deemed made on behalf of the plaintiff.

### Justice's Return on Appeal—Not Showing Items of Costs Taxed.

Where the justice's return fails to specify the items of the costs taxed, the judgment will not be reversed or modified on that account, unless it appears that items not taxable have been erroneously included. The remedy is an amended return.

### Const. Art. 6, § 8, Construed.

The provisions of Sp. Laws 1891, ch. 125, are constitutional.

Appeal by defendant, Olof P. Victorin, from a judgment of the District Court of Hennepin County, *Thomas Canty,* J., entered October 18, 1892, against him for $37.58.

The plaintiff, George H. Smith, rented to defendant, house No. 1,421 Washington Avenue South, Minneapolis. A month's rent being due, and unpaid, "M. P. Cannon, agent of Geo. H. Smith," made oath August 3, 1892, that he had good reason to believe and did believe that defendant was about to dispose of his property to hinder, delay and defraud his creditors, and procured a writ of attachment from John J. McHale, Justice of the Peace, and attached the defendant's property. Judgment was in due time rendered for $20 damages and $5.65 costs. No entry was made in the docket or elsewhere of the items of the costs. Defendant appealed on questions of law alone. The District Court affirmed the judgment, and he appeals to this court.

*C. E. Brame,* for appellant.

M. P. Cannon does not swear he is the agent of plaintiff, and he fails to state that he makes the affidavit on behalf of plaintiff. *Miller* v. *Chicago, M. & St. P. Ry. Co.,* 58 Wis. 310; *Wiley* v. *C. Aultman & Co.,* 53 Wis. 560.

The Justice failed to enter in his docket the items of fees due to each person separately as provided by statute. 1878 G. S. ch. 65, § 7, subd. 8. This provision is mandatory and not directory, and the record should show the costs in detail, so that the Appellate Court may review the items and see if they are correct, and in accordance with the fees allowed by statute. Otherwise we are completely at the mercy of the Justice. He could tax costs against us without limit, and we would be powerless. *Stolt* v. *Chicago, M. & St. P. Ry. Co.*, 49 Minn. 353; *Sibley* v. *Howard*, 3 Denio, 72; *Crandall* v. *Bacon*, 20 Wis. 639; *Grace* v. *Mitchell*, 31 Wis. 533; *State* v. *Whittet*, 61 Wis. 351.

Defendant contends that Sp. Laws 1891, ch. 125, is unconstitutional. Const. Art. 6, § 8. Special courts cannot be created for the trial of the rights and obligations of particular parties.

*Ace P. Abell*, for respondent.

If the affidavit was not sufficient to sustain the attachment, defendant should have moved the court to vacate the attachment, and this he did not do. He voluntarily appeared before the justice and participated in the trial, and he cannot set up this claim at this late day. He is estopped by his own acts from so doing. *Tyrrell* v. *Jones*, 18 Minn. 312, (Gil. 281;) *Meister* v. *Russell*, 53 Minn. 54; *Moe* v. *Chesrown, ante,* p. 118.

VANDERBURGH, J. This action was commenced by attachment in justice's court.

1. The first question raised involves the sufficiency of the affidavit for the attachment. The defendant appeared specially, and moved to dismiss on the ground that the affidavit did not show that it was made by the plaintiff, or some one in his behalf, as the statute requires. The language of the affidavit is as follows: "M. P. Cannon, agent of Geo. H. Smith, being duly sworn, deposes and says," etc. The strict rule insisted on by the defendant is sanctioned by the Wisconsin decisions, which require that in such cases the affiant should swear that he is agent of the plaintiff, or makes the affidavit in his behalf. *Miller* v. *Chicago, M. & St. P. Ry. Co.*, 58 Wis. 312, (17 N. W. Rep. 130.) But we do not think

that, by a fair interpretation of the statute, such technical strictness would be required; and, while a careful lawyer would be likely to prepare the affidavit in the form insisted on by the defendant, the majority of practitioners in that court would make the affidavit in the form in which it is here presented. Cannon procures the attachment in behalf of the plaintiff, as his agent, and, by a fair construction of the affidavit, makes it in the capacity of agent. We think it substantially in compliance with the statute.

2. The judgment was for $20 damages and $5.65 costs. The items which make up the costs are not specified in the record. The parties were entitled to have these items entered on the docket, but the omission to do so does not render the judgment erroneous. *Meister* v. *Russell*, 53 Minn. 54, (54 N. W. Rep. 935.) The presumption is that the justice did his duty, and taxed only such costs as were legally taxable; and the same presumptions exist in favor of the regularity in the proceedings of a justice of the peace, where he has jurisdiction, as in courts of record. *Clague* v. *Hodgson*, 16 Minn. 329–333, (Gil. 291.) As it does not affirmatively appear that the amount of costs included in the judgment was erroneous, the proper course for the defendant to pursue, if he was dissatisfied, was to apply for an order in the District Court, directing the justice to amend his return, and to specify the particular items included in the judgment for costs.

3. The last assignment of error raises the question of the constitutionality of the act of 1891, (Sp. Laws 1891, ch. 125,) providing for the election of justices of the peace within the city of Minneapolis, and further providing that justices of the peace outside of the city should not issue process to be served within the city. But the question raised was considered and determined adversely to defendant's contention in the case of *Burke* v. *St. Paul, M. & M. Ry. Co.*, 35 Minn. 173, (28 N. W. Rep. 190.)

Judgment affirmed.

(Opinion published 56 N. W. Rep. 47.)