AMERICAN BUILDING & LOAN ASSOCIATION *vs.* OLE DAHL *et al.*

Submitted on briefs June 8, 1893. Affirmed July 31, 1893.

**Proof of an Independent Parol Agreement.**
> Evidence of an independent agreement, made by parol between sureties and the obligee in an indemnity bond at the time of the execution thereof and as inducement therefor, *held* competent and material on the part of the sureties, and not tending to vary the terms of the bond itself.

Appeal by plaintiff, the American Building and Loan Association, from an order of the District Court of Hennepin County,

*William Lochren*, J., made December 10, 1892, denying its motion for a new trial.

The defendant, Ole Dahl, borrowed of plaintiff $10,000, and to secure payment, mortgaged to it a lot on Twenty-Fourth Street on which he had just built a house. To protect plaintiff from prior liens for work done and materials used in constructing the building, Dahl, and the other defendants as sureties, on September 28, 1889, gave it their bond in the penal sum of $10,000, conditioned that such liens should be paid. The plaintiff brought this action upon the bond, claiming that a lien of I. P. Lennon & Co. on the property for $279.80 for materials was not paid by Dahl, and that plaintiff was obliged to pay it to protect its mortgage, and asked judgment for that sum and interest and costs incurred. The sureties, James A. Fagan and W. F. Cleveland, answered that when they signed the bond plaintiff orally agreed with them to pay this lien of I. P. Lennon & Co. out of the money loaned by it to Dahl, still in its possession. That they executed the bond upon that condition, and that plaintiff's payment of the lien was but performance of that agreement, and gave plaintiff no cause of action against them. Plaintiff replied denying such agreement. At the trial the sureties offered to prove the agreement, plaintiff objected, and being overruled, excepted. Defendants had a verdict. A bill of exceptions was allowed and signed, and on it and the pleadings plaintiff moved for a new trial for error in receiving evidence of this parol agreement. Being denied, it appeals.

*C. M. Cooley* and *Rea & Hubachek*, for appellant.

The bond—the instrument in suit—was the written contract of the parties under seal. It was upon its face free from ambiguity. No fraud, mistake or surprise was alleged, and its terms and conditions could not be varied, changed or defeated by a contemporaneous oral agreement. The court below took the view that the oral agreement alleged, and to prove which evidence was offered, was an independent agreement, not inconsistent with the terms of the written instrument, and upon this theory admitted the evidence, and made the subsequent rulings, and instructed the jury. In this the trial court erred. The bond was conditioned to protect plaintiff against a specified class of claims. Its pro-

visions embrace all claims within the specified class. If by a contemporaneous oral agreement, a particular claim falling within the class was excepted, that exception varied the contract to that extent. If the parol agreement related to all claims filed, would it not absolutely and fully defeat the bond, would it not vary its conditions? But not in principle—only in degree—more than it does as to the one claim. *McClane* v. *White*, 5 Minn. 178, (Gil. 139;) *McNair* v. *Toler*, 5 Minn. 435, (Gil. 356;) *Berthold* v. *Fox*, 13 Minn. 501, (Gil. 462;) *Schurmeier* v. *Johnson*, 10 Minn. 319, (Gil. 250;) *Walters* v. *Armstrong*, 5 Minn. 448, (Gil. 364;) *Stewart* v. *Murray*, 13 Minn. 426, (Gil. 393;) *McMurphy* v. *Walker*, 20 Minn. 382, (Gil. 334;) *King* v. *Merriman*, 38 Minn. 47; *McLean* v. *Nicol*, 43 Minn. 169; *Rugland* v. *Thompson*, 48 Minn. 539; *McCormick Harvesting-Machine Co.* v. *Wilson*, 39 Minn. 467; *Hills* v. *Rix*, 43 Minn. 543.

*Brooks & Hendrix*, for respondents.

In consideration that the sureties would sign the bond, plaintiff agreed with them that out of the money loaned, it would pay this lien then on the house. It did not so pay until I. P. Lennon & Co. brought suit. Plaintiff then paid that firm as it had agreed. To prove these facts is not to contradict the bond. It confirms the bond and shows the consideration for it. The plaintiff's law is sound, but this case is not within the rules it invokes. *Bretto* v. *Levine*, 50 Minn. 168; *Green* v. *Batson*, 71 Wis. 54; *Rugland* v. *Thompson*, 48 Minn. 539.

VANDERBURGH, J. The defendants Fagan and Cleveland are sued as the sureties of defendant Dahl in a certain bond, in and by which they undertake, upon the consideration recited, that the defendant Dahl, as principal, shall pay and discharge all claims for labor employed or material furnished in the construction of certain buildings on the premises described in the complaint. Their defense, which prevailed in the trial court, is that set up in the answer of these sureties, viz.: "That at the execution of said bond, of which said 'Exhibit A' is a copy, it was mutually agreed by and between all parties to this action, and said bond

was executed by these defendants and was by said plaintiff accepted and received, upon the express condition that said plaintiff should, out of the moneys agreed to be loaned said Ole Dahl, retain an amount sufficient to pay and satisfy in full the alleged and pretended claim of I. P. Lennon & Co., in said complaint referred to, and that plaintiff should pay the same to said I. P. Lennon & Co. in satisfaction thereof." And the court charged the jury at the trial that, unless it found from the evidence that at the time of the execution of the bond in question the plaintiff, through its attorney, made the agreement in question with these defendants, sureties, they must find for the plaintiff; but, if they found the same established by the evidence, they should find for the defendants. The exception to this instruction presents the question raised here. The agreement referred to, which the evidence in the case tended to establish, was a verbal one, and the plaintiff claims that evidence thereof was inadmissible, because tending to vary the terms of the written agreement or bond executed by the defendants. This objection, however, is clearly not well taken. If the agreement set up in the answer had been in writing, it would have been valid as an independent agreement between the parties upon a sufficient consideration; but the agreement, not being a collateral undertaking, was not within the statute of frauds, and was equally valid as if in writing. It did not tend to vary the terms of the bond, but shows the inducement and conditions upon which the defendants executed the same. It relates to the execution of the bond, and not to the terms or conditions appearing on the face thereof. The distinction is obvious, and decisive of the case, and the rule as laid down by the trial court is well settled. Brandt, Sur. (2d Ed.) § 405.

Order affirmed. ·

(Opinion published 56 N. W. Rep. 47.)