EDWIN J. WHEELER v. F. A. PATERSON, Receiver.[1]

April 23, 1896.

Nos. 10,034—(257).

### Replevin Bond—Omission of Name of Surety.

The fact that the name of a surety who signs and seals a bond is not mentioned therein does not affect its validity, if it is apparent from the face of the bond that he intended to be bound by its conditions. Campbell v. Rotering, 42 Minn. 115, followed.

### Same—Justice Court—Justification—Acknowledgment.

Rule applied to a replevin bond, in justice court, in which the name of one of the sureties, who signed and sealed the bond, was omitted from the body thereof, and *held*, that the omission did not affect the jurisdiction of the justice to issue the writ and hear the case. *Held*, further, that such jurisdiction was not affected by the fact that the sureties on the bond did not justify, and that the bond was not acknowledged.

### Justice Court—Adjournment—Jurisdiction.

In an action in justice court, there was no general appearance by the defendants. The plaintiff filed his complaint, and the cause was adjourned for three days, but the justice omitted to state in his docket upon whose motion the adjournment was had. *Held*, that the justice did not lose jurisdiction to hear the case on the adjourned day.

Appeal by defendant from a judgment of the district court for Martin county, in favor of plaintiff, entered in pursuance of the order of Severance, J. Affirmed.

*Ward, Dunn & Ward*, for appellant.

*Voreis & Mathwig*, for respondent.

START, C. J. This is an action of replevin, originally commenced in justice court, to recover possession of an office desk and an iron safe. Upon the return day of the writ, January 24, the plaintiff appeared and filed his complaint; but the defendant appeared specially, for the purpose only of objecting to the jurisdiction of the court, and moved to dismiss the action for the alleged reason that the court was without jurisdiction in the premises, because no valid replevin bond had been given. The justice

[1] Reported in 66 N. W. 964.

denied the motion, and allowed the plaintiff until January 27, at 10 o'clock a. m., to furnish a proper bond, to which time the case was adjourned; but upon whose motion the adjournment was made, the record is silent. The defendant duly excepted to these rulings. On January 27 the plaintiff filed a further replevin bond, which, in form and substance, complied with the statute, and was approved by the justice. The cause was tried on that day, and judgment entered for the plaintiff, from which the defendant appealed to the district court, and from the judgment of that court, affirming the judgment of the justice court, he appealed to this court.

The defendant's assignments of error are included in two general claims: First, that the original replevin bond was void; second, that the adjournment of the cause for three days worked a discontinuance, and jurisdiction thereafter to hear the case was lost.

1. The original bond complied with the statute, in form and substance, except that the name of one of the two sureties who signed and sealed the bond was omitted, in the body thereof. For this reason the defendant claims that there was but one surety on the bond; therefore it is void as a replevin bond, because the statute requires a bond with two sureties, at least, as a jurisdictional requisite to the issuing of the writ by the justice.

If both sureties are liable on this bond, the claim of the defendant falls. They are both so liable, for it is apparent on the face of the bond that the omission of the name of one of the sureties in the body of the bond was a clerical mistake, and that such surety intended to be bound by the obligations of the bond. Its commencement and conclusion are in these words: "Know all men by these presents, that we, Edw. J. Wheeler, as principal, and G. M. Wheeler and ———, are held and firmly bound unto F. A. Paterson. * * * In testimony whereof, we have hereunto set our hands and seals." This bond is signed and sealed by the persons named in the body thereof, and by another surety, Frank A. Day, who is not named therein. Now, Mr. Day signed this bond with some intent, and for some purpose. What were they? He answers the question over his own signature; for he expressly declares that, in witness of his obligation to perform the conditions of the

bond, he signs and seals it. He and the other parties signing the bond are the "we" referred to in the body thereof. The fact that the name of a surety who signs and seals a bond is not mentioned therein does not affect its validity, if it is apparent from the face of the bond that he intended to be bound by its conditions. Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795; Cobbey, Repl. § 1290. The cases of Blake v. Sherman, 12 Minn. 305 (420), and State v. Austin, 35 Minn. 51, 26 N. W. 906, relied on by the defendant, are not in point. In the former case there was no attempt to give a bond with two sureties, as required by statute, but an undertaking signed by only one surety was made; and it was held that this was not a compliance with the statute, but that the defect could be cured by filing such a bond as the statute required. In the latter case the bond was not signed by the principal, and it was held that the sureties were not bound.

The defendant also claims that the bond is void because the sureties did not justify and the bond was not acknowledged. This omission did not affect the validity of the bond. Gale v. Seifert, 39 Minn. 171, 39 N. W. 69. The acknowledgment and justification are no part of the bond, and there is no statute requiring them to be indorsed on the bond. There is, however, a rule of the district court requiring this to be done, but the rule does not apply to a justice court.

2. The justice did not lose jurisdiction of the case by adjourning the case, after the pleadings were closed, for three days. "When the pleadings are closed, the justice, on the application of either party, shall adjourn the case for not exceeding one week." G. S. 1894, § 4990. This statute authorizes the justice, on the application of the plaintiff, without the consent of the defendant, and without showing cause, to adjourn the case, not exceeding one week. O'Brien v. Pomroy, 22 Minn. 130. The defendant appeared specially to challenge the jurisdiction of the court. He did not answer, and had no intention of answering. Hence the pleadings were closed before the adjournment. The defendant, however, claims that the application for the adjournment was not made by the plaintiff, but that the justice adjourned the case on his own motion. As already suggested, the justice did not state in his docket at whose request the case was adjourned. G. S. 1894, §

4961, subd. 5. There is no presumption that the case was adjourned on the justice's own motion, but the presumption is in favor of the regularity of the proceedings, and that the adjournment was on the application of the only party in court,—the plaintiff. The omission to so state in the docket does not render the judgment erroneous. Meister v. Russell, 53 Minn. 54, 54 N. W. 935; Smith v. Victorin, 54 Minn. 338, 56 N. W. 47.

Judgment affirmed.