OLE J. VAULE v. DAVID MILLER.[1]

May 21, 1896.

Nos. 9982—(242).

**Justice Court—Service of Summons—Return.**

A return upon a summons in justice court certified that it was served upon the defendant "by reading, handing to and leaving a true copy at his usual place of abode, with a person of suitable age and discretion, who was residing therein." *Held* (following Goener v. Woll, 26 Minn. 154) that the return in such case need not state that the defendant could not be found. The omission in the return of the word "last" before the words "usual place of abode" does not vitiate the return. The language of G. S. 1894, § 4967, that service of a summons may be made upon the defendant "by leaving a copy thereof at his or her last usual place of abode," means his actual abode at the time when the summons is served upon him.

**Same.**

The return upon a summons in justice court need not state the name of the person with whom the copy of the summons was left.

**Justice of the Peace—Judgment—Collateral Attack.**

Where a justice of the peace has jurisdiction, the same presumption in favor of the regularity of the proceedings exists as in courts of record; and a judgment rendered in a justice court upon the merits cannot be assailed and shown collaterally that it was not true in fact. Nor do irregularities, even if apparent upon the face of the record, make the judgment void.

**Same—Lack of Personal Service—Security Bond.**

It is not essential to the validity of a judgment obtained in a justice court without personal service of the summons that the justice docket or judgment should disclose the fact that a security bond was filed before the judgment was entered. Such a bond forms no part of the judgment.

Appeal by plaintiff from a judgment of the district court for Polk county in favor of defendant, entered after a trial before Ives, J., without a jury. Reversed.

*Ole J. Vaule,* in pro. per.

*Martin O'Brien,* for respondent.

BUCK, J. On June 18, 1885, one John Ovre recovered a judgment against this defendant, Miller, in justice court, in the county of Polk,

[1] Reported in 67 N. W. 540.

in this state, for the sum of $58.15, which judgment was assigned May 31, 1895, by Ovre, to the plaintiff, Vaule, who brings this action upon the judgment.

The answer alleges want of jurisdiction on the part of the justice court to render the judgment, upon several grounds, among which he alleges that no service of the summons or complaint was ever served upon him, either personally or otherwise, as required by law; that he did not appear in the action, and had no notice of the proceedings until long subsequent to the recovery of the judgment; that no complaint was made or filed in said action; that no bond was filed before judgment, which was taken against him by default, and without any testimony being introduced by the plaintiff to prove his cause of action; and that the cause of action sued upon had been paid by him prior to the commencement of the action in the justice court. Upon the trial of this action the plaintiff introduced in evidence a certified copy of the justice court record, showing the proceedings had in that court on the trial therein; and, upon motion of defendant, the trial court dismissed the action.

It is claimed by the respondent that the return of the justice court summons failed to show a return as required by statute. The officer certifies in the return that he served the summons upon the defendant, David Miller, by reading, handing to and leaving a true copy at his usual place of abode, with a person of suitable age and discretion, who was then residing therein. The authorities are in direct conflict as to whether the return should show that the defendant cannot be found, where, in such case, the service is then authorized to be made upon him by leaving a copy of the summons at his usual place of abode. In the case of Goener v. Woll, 26 Minn. 154, 2 N. W. 163, a return was held to be sufficient where the return showed that the summons was served upon the defendant by leaving a copy at his usual place of abode, with his wife,—she being a suitable person of age and discretion,—then a resident therein, and that it need not show that the defendant could not be found. The ground there stated for such holding is that where a public officer is required to perform a ministerial duty in one of two ways, and he performs it in one of them, the general presumption that officers of that kind do their duty operates as a presumption that the mode of performance was that which the circumstances authorized. Several author-

ities are cited in support of this proposition, and we do not feel disposed to depart from that rule, which has been in force for a great many years.

The point is made that the return does not show that the summons was served at the defendant's last usual place of abode, but at his usual place of abode. If it was his usual place of abode at the time of the service of the summons, it must necessarily have been his last place of abode for such purpose. It certainly could not have been the intention of the legislature to have service of the summons made upon the defendant at any other than his abiding place existing at the time of the service. If the defendant had previously resided at the same place where this summons was served, and had, prior to such service, removed to some other home or residence, the abode of the defendant for the purpose of having legal service of the summons upon him would have been at some place other than the one where service was actually made in this case. Hence the words in the return, "at his usual place of abode," are to be construed as equivalent to the language of the statute, "at his last usual place of abode," and this means at his actual abode when the summons is served upon him.

The defendant contends that the return should state the name of the person with whom the copy of the summons was left. This, undoubtedly, would be better practice; but it is not required by the statute, and we do not think it absolutely essential. The language of the statute in regard to service of a summons in justice court is unlike that of the district court; the requirement of the latter [2] being that a copy of the summons be left at the house of his usual abode, "with some person of suitable age and discretion then resident therein," while this clause is entirely omitted from the section relative to service of a summons in justice court. But the return goes much further than the language of the statute in question, and shows that the summons was served by leaving a copy with a person of suitable age and discretion, who was then residing in defendant's usual place of abode. If there was any departure from the requirements of the statute in the return, as to the person upon whom the summons was served, it was because it contained more than the precise language

[2] G. S. 1894, § 5199, Fourth.

which the statute required. That the name of the party with whom the copy of the summons was left need not be stated in the return, was held in Robison v. Miller, 57 Miss. 237.

Assuming, then, that the service of the summons was sufficient, the court acquired jurisdiction; and, having done so, did it, by any act or omission, lose that jurisdiction? The same presumption exists in favor of the regularity in the proceedings of a justice of the peace, where he has jurisdiction, as in courts of record. Smith v. Victorin, 54 Minn. 338, 56 N. W. 47. Mere irregularities in practice, even if apparent on the face of the record, do not make the judgment void. Vanfleet, Coll. Attack, § 660. "Where the record of a justice of the peace shows on its face that it was rendered in the absence of the defendant, and without hearing evidence, although a statute required him to hear evidence in such cases, the judgment is not void." Id. § 697, and authorities there cited.

We do not consider the question of whether the defendant could make a collateral attack upon the officer's return upon the summons, because no testimony was introduced by the defendant upon this point, although the issue of its correctness is raised by the answer.

The other questions not specifically discussed are mere irregularities, which do not make the judgment void, unless the alleged omission of the plaintiff to execute a bond to the defendant before judgment was rendered, pursuant to the provisions of G. S. 1894, § 5024, was jurisdictional, and invalidated the judgment. In principle, this question is not different from that in Shaubhut v. Hilton, 7 Minn. 412 (506), where, in an action in district court, it was held that it was not essential to the validity of a judgment obtained without personal service of the summons that the judgment roll should disclose the fact that the security was filed before the judgment was entered. At that time Pub. S. 1858, c. 60, § 173, subd. 3, required, "In all cases where the summons has not been served upon the defendant personally, the plaintiff, before judgment is entered, must file, or cause to be filed, satisfactory security to abide the order of the court touching the restitution of any property or money collected." In the case at bar the judgment does not disclose the fact as to whether any bond was filed, or not, before its rendition; and the defendant offered no testimony to show that, as a matter of fact, none was given. He therefore failed to show, affirmatively, want of

jurisdiction to render the judgment void in this respect. The burden was upon him to show, affirmatively, want of a bond, although we do not pass upon the effect of this defect, if one in fact existed.

The defendant further contends that he had paid the account sued upon in the justice court many years before this action was commenced. That is a matter which, if true, would have constituted a meritorious defense in the original action; but he also failed to offer any evidence upon this point, and we do not concede his right to do so by a collateral attack upon the judgment rendered upon this account. The records of a court of a justice of the peace, where he has jurisdiction, are just as proof against collateral attacks as those of a superior court of record; and, when a judgment is rendered in such court upon the merits, it cannot be shown collaterally that it was not true in fact. See, also, Gillitt v. Truax, 27 Minn. 528, 8 N. W. 767. If defendant has paid the account, it will be a hardship if he shall be compelled to pay it again; but the judgment has been a matter of public record for a period of nearly 10 years, and he fails to state when he first knew of its existence, and it does not appear that he has taken any legal measures by a direct proceeding to have it vacated or enjoined for cause.

The judgment appealed from is reversed.