ANDREW ELLEGAARD and Others v. HANS O. HAUKAAS.

May 12, 1898.

Nos. 11,073—(186).

**Justice Court—Jurisdiction—Silence as to Subsequent Jurisdictional Steps.**

Where, in a court of inferior or limited jurisdiction, the record shows that jurisdiction has once attached, silence in respect to subsequent jurisdictional steps is not fatal.

**Same—Jurisdiction—Presumption of Regularity.**

In judicial proceedings before a justice of the peace, the presumption is that he has done his duty, and this presumption exists in favor of the regularity of his proceedings where he has jurisdiction, as in courts of record.

Appeal by plaintiffs from a judgment of the district court for Polk county, in favor of defendant, and reversing a judgment of a justice of the peace in favor of plaintiffs, entered in pursuance to the order of C. L. Brown, J. Reversed.

*H. Steenerson,* for appellants.

*William Watts,* for respondent.

BUCK, J.

This action was commenced on February 25, 1897, before T. M. Nelson, justice of the peace of the town of Godfrey, Polk county. The summons was returnable at ten o'clock in the forenoon of March 5, 1897, at which time the plaintiffs and the defendant appeared, and filed, respectively, their complaint and answer. By consent the case was adjourned to March 12, 1897, at which time both parties appeared; and the plaintiffs sought to file their reply, but to this the defendant objected, which objection was overruled by the justice, and the reply filed. The defendant having filed an affidavit for change of venue, the justice transferred the cause to P. Hunter, a justice of the peace residing in the same election district, and by the same order required the parties to appear before said Hunter on March 17, 1897, at one o'clock in the afternoon. Plaintiffs appeared at the time so fixed, but the defendant did not ap-

pear. The entry on the justice's docket is as follows: "Defendant not appearing, judgment rendered for plaintiff, on pleadings, for thirty dollars and eighty-five cents, and for $10.70, costs of this suit."

Upon appeal to the district court by the defendant, the judgment was reversed, on the sole ground that it appeared from the return of Justice Hunter that he entered judgment at one o'clock on March 17, 1897, instead of waiting until two o'clock p. m. of said day.

We think that the trial court placed an erroneous construction upon the return of the justice. The hearing was fixed for one o'clock, March 17, 1897, and the plaintiffs then appeared, and the justice certifies that certain proceedings were then had, such as plaintiffs giving security for costs and filing their reply; and, the defendant not appearing, judgment was rendered for the plaintiffs. When? It does not appear affirmatively that the justice did not wait one hour for the defendant to appear. The presumption is that the justice did his duty, and waited the required time before entering judgment; and the same presumption exists in favor of the regularity of his proceedings, where he has jurisdiction, as in courts of record. Smith v. Victorin, 54 Minn. 338, 56 N. W. 47; Vaule v. Miller, 64 Minn. 485, 67 N. W. 540.

The general rule gathered from numerous authorities is this: That where, in a court of inferior or limited jurisdiction, the record shows that jurisdiction has once attached, silence in respect to subsequent jurisdictional steps is not fatal. Van Vleet, Coll. Attack, c. 17. Hence in this case, whether it is fairly inferable from the justice's return that he waited one hour for the appearance of the defendant before he entered judgment, or whether the record is to be deemed as silent upon this point, is quite immaterial, for the presumption of duty done by the justice is paramount to any omission in the record as to whether he waited until two o'clock p. m. before entering judgment in favor of the plaintiffs.

Judgment reversed, and case remanded, and the district court is directed to award judgment affirming the judgment of the justice.