## EVERETT M. LLOYD v. JESSIE HARRIS.[1]

January 2, 1925.

No. 24,451.

**Judgment discharged pro tanto by garnishee's payment of justice court judgment on discolsure.**

A judgment in a court of a justice of the peace against a garnishee upon his disclosure that he was indebted to the defendant, though his indebtedness was evidenced by a judgment, the justice having jurisdiction of the subject matter of the action and of the parties, was with jurisdiction, was subject to correction on appeal if erroneous, but was not subject to collateral attack; and the payment by the garnishee of the judgment in the garnishment proceeding discharged pro tanto the judgment in the action against him.

Defendant secured from the district court for Dodge county, Senn, J.. an order to show cause why a judgment in favor of plaintiff and against defendant should not be satisfied in full. From the order authorizing the clerk to satisfy the judgment, plaintiff appealed. Affirmed.

*H. J. Edison,* for appellant.
*Samuel Lord, Jr.,* for respondent.

[1]Reported in 201 N. W. 546.

DIBELL, J.

On motion of the defendant the court entered an order canceling as satisfied a judgment for $251.72, entered in favor of the plaintiff on October 27, 1923, on a verdict returned on October 8, 1923. The plaintiff appeals from the order.

In an action pending before a justice of the peace in which one Buro was plaintiff and the plaintiff Lloyd was defendant and the defendant Harris was garnishee, the latter made a disclosure on October 31, 1923, that he was indebted to Lloyd in the sum of $79.61. Judgment was entered against him as garnishee, and he paid the sum stated into court. Afterwards he paid $171.66 to the plaintiff and asked that the judgment be discharged. The plaintiff refused to satisfy it, execution was issued for $79.61, and the defendant then moved to cancel it. If the payment of the judgment for $79.61 discharged the garnishee to that extent the motion was rightly granted.

The plaintiff claims that garnishment would not lie against Harris, because his liability was in the form of a verdict or judgment, a verdict when garnishment was instituted and a judgment when disclosure was made. Lind v. Hurd, 148 Minn. 190, 181 N. W. 326, is cited. That case held that a verdict in an action of tort was not the subject of garnishment. There objection was made in the garnishment proceeding. Here there was none. There was a voluntary disclosure, admission of liability, and an unopposed entry of judgment. We need not consider the effect of the garnishment of a judgment under such conditions. The trial court's holding is easily sustained upon another ground.

The justice had jurisdiction of the subject matter of the action, including the garnishment, and of the parties, Lloyd as defendant and Harris as garnishee. The judgment, if erroneous, was rendered with jurisdiction, was subject to correction on appeal, but was not subject to collateral attack. Gillitt v. Truax, 27 Minn. 528, 8 N. W. 767; Smith v. Victorin, 54 Minn. 338, 56 N. W. 47; Vaule v. Miller, 64 Minn. 485, 67 N. W. 540; Ellegaard v. Haukaas, 72 Minn. 246, 75 N. W. 128; Dunnell, Minn. Dig. § 5317. The effect of the payment of the judgment against the garnishee was to pay pro tanto

the judgment of the plaintiff against the defendant, and the order was right.

Order affirmed.