HAROLD THORSON v. OLE O. SAUBY.[1]

May 6, 1897.

Nos. 10,532—(199).

**Bills and Notes—Burden of Proof—Possession as Evidence of Execution.**

Plaintiff, as indorsee of a promissory note, brought suit thereon against the maker, who admitted its execution, but alleged usury as a defense. Upon the trial in justice court, the plaintiff introduced the note and indorsements thereon in evidence, and rested, and thereupon the defendant also rested. The justice rendered judgment in favor of the defendant. *Held* error, under G. S. 1894, § 5751.

**District Court—Appeal from Justice of the Peace.**

Plaintiff then appealed to the district court upon questions of law alone, where all the evidence taken in justice court was returned. The district court held that the justice of the peace erred in not rendering judgment for the plaintiff, but that, in view of the fact that the issue tendered by the defendant's answer had not been litigated in the district court, it would not be proper for such court to order judgment for plaintiff, and therefore merely reversed the judgment rendered in justice court. *Held* error, and that the district court should have ordered judgment thereon upon the merits in favor of the plaintiff.

Action in justice court. From a judgment for defendant, plaintiff appealed to the district court for Grant county. From an order of that court, C. L. Brown, J., reversing the justice's judgment but allowing judgment in plaintiff's favor merely for costs, plaintiff appealed. Remanded with directions.

*Edward J. Scofield*, for appellant.
*Andrew O. Ofsthun*, for respondent.

BUCK, J. This action was commenced in justice court by summons. On the return day the parties appeared, and filed duly verified written pleadings, the plaintiff claiming $99.99 on a note set out in the complaint. The case was continued for one week, and on the adjourned day parties appeared, and defendant filed an amended answer, in which he admitted the execution and delivery of the note, but also alleged usury. The case then proceeded to trial. Plaintiff offer-

[1] Reported in 70 N. W. 1083.

ed in evidence the note sued on, and rested his case. The justice thereupon took the case under advisement, and, within the time allowed by statute, decided the case in favor of the defendant, dismissed the action, and rendered judgment against the plaintiff for the costs. The plaintiff duly appealed the case to the district court on questions of law alone, all the evidence being returned; and the court there ordered that the judgment be reversed, and that the plaintiff have his costs, but no more. The plaintiff has brought this appeal, claiming that, as he was entitled to a judgment in justice court for the amount claimed on his proof and the admissions, the district court should have reviewed the case on the merits, and ordered the judgment that the justice should have entered.

The district court held that the justice court erred in not rendering judgment for the plaintiff, but that, in view of the fact that the issues tendered by the defendant's answer had not been litigated in the district court, it would not be proper for such court to order judgment for plaintiff upon the merits, and it therefore merely reversed the judgment rendered in justice court. This view of the case by the district court was erroneous. It was correct in holding that the justice erred, and should have given judgment for plaintiff, that possession of the note was sufficient proof of its due execution and delivery and nonpayment. G. S. 1894, § 5751.

The defendant also, in his answer, admitted the execution of the note. With this admission and the possession and introduction of the note and indorsements in evidence, the plaintiff had established a prima facie case. There was no rebutting proof on the part of the defendant, and the plaintiff's right to have judgment rendered in his favor against the defendant was beyond question. This right was not in any way changed when it came before the district court upon appeal, as the question was brought there upon questions of law alone, all of the evidence, however, being returned. Standing, then, in precisely the same condition as when it was submitted to the justice of the peace, the same judgment should have been therein entered, viz. upon the merits in favor of the plaintiff. G. S. 1894, § 5071, provides that on appeals from a justice's judgment, upon questions of law alone, the action shall be tried in the district court upon the return of the justice. A trial is the judicial examination of the issue between the parties, whether they are issues of law or fact. Id. § 5358. This

court has heretofore held that, upon an appeal from the judgment of a justice of the peace to the district court upon questions of law alone, the district court may affirm, reverse, or modify, and in case of reversal it may determine the merits, and render judgment thereon for the appellant. Terryll v. Bailey, 27 Minn. 304, 7 N. W. 261. See, also, Watson v. Ward, 27 Minn. 29, 6 N. W. 407; Meister v. Russell, 53 Minn. 54, 54 N. W. 935.

In the case at bar both parties appeared, and each submitted all the evidence desired, and rested. If the defendant had other evidence which he might have properly introduced under the allegations in his answer, it was his own fault in not doing so. All the issues raised by defendant's answer were disposed of, and he is not here in this court complaining of any errors of the justice or district court. But the plaintiff does allege error both in the justice and district court, and asks that an affirmative judgment be ordered in his favor for the amount claimed in the complaint.

Upon the record, he is entitled to such judgment, and the case is remanded to the district court from whence it came, and such court is directed to order judgment in favor of plaintiff, and against defendant, for the amount claimed in the complaint.