JAMES BEGGS & COMPANY (GEORGE N. ROBINSON) vs.
PETER F. W. BARTELS ET AL.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The law of the State in which a contract is to be performed or is to have its beneficial operation and effect, rather than the law of the State in which it is made, will determine its validity. This rule is founded upon the presumed intent of the contracting parties.

A conditional sale of machinery was made in New York by the plaintiffs to R, a resident of Connecticut, to be used by the vendee in this State. The contract was valid in New York but, not being acknowledged, became an absolute sale in this State, except as between the parties. Subsequently, and before R had paid for the machinery, it was attached and taken on execution in this State by the defendants, creditors of R. Held that the validity of the contract was governed by the Connecticut law, under which the defendants' attachment and execution were valid.

Argued June 7th—decided July 13th, 1900.

ACTION to recover damages for the wrongful seizure and disposal of personal property on execution, brought to the Court of Common Pleas in Fairfield county and reserved by that court, Curtis, J., upon a finding of facts, for the consideration and advice of this court. Judgment advised for defendants.

The case is sufficiently stated in the opinion.

Nathaniel R. Hart and John E. Keeler, for the plaintiff.

Clarence L. Reid and Samuel Young, for the defendants.

HALL, J. The property in question in this suit—a stationary engine, boiler and machinery—was taken on an execution in favor of the defendants against one Roberts, his title coming from the plaintiffs under a written contract of conditional sale executed in New York. Had it been executed here it would have been an absolute sale, except as between the contracting parties and their personal representatives, since it was not acknowledged before competent authority as required by our statute. Public Acts of 1895, Chap. 212.

It is conceded that by the laws of New York it was a valid conditional contract of sale, which did not divest the plaintiffs of their title to the property in question, either as against Roberts or his assigns or creditors. Whether or not the defendants, who were Connecticut creditors of Roberts, obtained a title by the levy of their execution upon the property in Connecticut, depends entirely upon whether the validity of the contract of conditional sale is to be determined by the laws of this State or by those of the State of New York.

From the fact that the contract was executed in New York and the goods were delivered to Roberts upon the cars in that State, it does not necessarily follow that the laws of New York govern upon the question of the validity and effect of the contract. The general rule that the *lex loci contractus* is applicable to the validity and construction of contracts, assumes that the contract is to be performed where it is made; and the reason of the rule is that parties are ordinarily supposed to contract in view of the laws in force at the time and place of the making of their contracts. That general rule does not apply when it appears that the contract is to be performed or is to have its beneficial operation and effect elsewhere, or that it is made with reference to the laws of another place. *Burnett* v. *Pennsylvania R. Co.*, 176 Pa. St. 45; Whart. on Confl. of Laws, § 401; Story on Confl. of Laws, § 280. "It is an established principle that contracts are to be construed according to the law of the place in reference to which they are made." *Medbury* v. *Hopkins*, 3 Conn. 472, 473. "Contracts are to be construed according to the

laws of the State in which they are made, unless it is perceived from their tenor that they are entered into with a view to the laws of some other State." *Smith* v. *Mead*, 3 Conn. 253; *Greathead* v. *Walton*, 40 id. 226, 236. "The general rule that the *lex loci contractus* shall govern . . . is, theoretically at least, founded upon the presumed intention that the parties contracted with reference to that law; and when the contract is to be performed elsewhere, or is to have its entire beneficial operation and effect elsewhere, then the law of the latter place is to govern; because, in the absence of anything to the contrary, it is presumed that the parties so intended." *Chillingworth* v. *Eastern Tinware Co.*, 66 Conn. 306, 317.

In the case last cited a chattel mortgage was executed, and was assumed to have been delivered, in New York, by a New York corporation to a New York creditor. The mortgaged property consisted of machinery and implements in use in a factory in Connecticut, and was so described in the mortgage. On the day after its execution in New York it was recorded in the land records in Connecticut where the property was situated. The mortgage was made in contemplation of insolvency, and was for that reason void by the laws of New York State. This court held that the mortgage was intended " to have its entire beneficial operation and effect" here, and that under the circumstances the mere fact that the instrument was formally executed and delivered in New York was not, of itself, decisive of the question as to what law should control in determining the validity of the mortgage, and that the mortgage was valid in this State until set aside by insolvency proceedings.

The purposes of the conditional contract of sale in the present case were these: to ultimately transfer, upon the payment of the purchase price as agreed, the title to the property in question from the plaintiffs to Roberts; to give the use of the property to Roberts in the meantime so long as he performed his covenants; to secure plaintiffs against loss, by enabling them to retake the property upon Roberts' failure to pay his notes, and by preventing a sale of the property

by Roberts to third parties, or a taking of it by attachment by his creditors. For the accomplishment of these purposes the parties intended that the property should be located in Connecticut. The agreement expressly provides that the boiler, engine, etc., shall be " located, used and employed " by Roberts " in his factory in the city of Stamford," and that they shall not be removed from these premises without the written consent of the plaintiffs. The property was delivered upon the cars in New York to be transported to Connecticut. In pursuance of the terms of the agreement it was taken by Roberts to Stamford and a year afterwards was attached there by a Connecticut creditor of Roberts.

While the formal execution of the contract was in New York, the principal acts necessary to effect its objects were by the terms of the contract to be performed in Connecticut. As affording the plaintiffs a security upon the property described, and as transferring to Roberts the apparent ownership of the property by giving to him the possession, the right to use, and even the right to affix it to realty, and as granting to him the absolute title upon payment of the purchase price, the contract was intended to have its operation upon property situated in Connecticut. Excepting that the contract was not acknowledged, it conformed to our law regarding conditional sales. The next day after it was executed it was recorded in the Stamford land records, as required by the law of Connecticut. As was said in *Chillingworth* v. *Eastern Tinware Co.*, *supra*, the contract was to have its "beneficial operation and effect" here. The transaction was begun in New York, but was to be performed and completed here, and the parties must be held to have contracted with reference to the law of this State, and that law must govern.

Whether the contention of the defendants may not also be sustained upon considerations of public policy, upon the grounds taken in *Hervey* v. *Rhode Island Locomotive Works,* 93 U. S. 664, *Harkness* v. *Russell,* 118 id. 673, 678, *Knowles Loom Works* v. *Vacher,* 57 N. J. L. 490, *Marvin Safe Co.* v. *Norton,* 48 id. 410, and *Thompson* v. *Taylor,* 46 Atl. Rep. (N. J.) 567, need not be determined by us in this case.

The Court of Common Pleas is advised to render judgment in favor of the defendants.

Costs in this court to be taxed in favor of the defendants.

In this opinion the other judges concurred.