HENRY B. HARDENBURG and Another v. C. O. ROESNER.[1]

April 12, 1901.

Nos. 12,551—(87).

**Appeal from Municipal Court of Winona.**

Upon an appeal on questions of law alone from a judgment of the municipal court of the city of Winona to the district court, the latter has power, not only to reverse the judgment, but in a proper case to award judgment absolute for the appellant.

Appeal by defendant from a judgment of the district court for Winona county in favor of plaintiffs, entered pursuant to the order of Snow, J. Affirmed.

*J. W. Dyckson* and *George T. Simpson,* for appellant.
*William Codman,* for respondents.

START, C. J.

This action originated in the municipal court of the city of Winona, and was brought to recover $40 for five hundred diaries alleged to have been sold and delivered by the plaintiffs to the defendant. There was a trial by jury, and verdict for the defendant. The plaintiffs moved on the minutes of the court for a new trial, which was denied, judgment was entered on the verdict, and the plaintiffs appealed from the judgment to the district court of the county of Winona on questions of law alone. The district court reversed the judgment of the municipal court, and directed judgment to be entered in favor of the plaintiffs and against the defendant for the amount of their claim. It was so entered, and the defendant appealed from the judgment to this court.

No question is here made that the plaintiffs were not entitled, as a matter of law, on the evidence, to a verdict in their favor. On the contrary, the sole alleged errors assigned are to the effect that the district court had no power to award judgment absolute in favor of the plaintiffs, but that it should have simply reversed the judgment of the municipal court, and remanded the cause to

[1] Reported in 85 N. W. 719.

that court for a new trial. Was the district court authorized to award the judgment that it did? This is the sole question for our decision, and its answer depends upon the effect to be given to certain provisions of the municipal court act of the city of Winona, viz.:

"An appeal may be taken on questions of law alone from any final judgment in any civil action, in said municipal court to the district court of Winona county. * * * The matters involved in the appeal shall be heard and determined in the appellate court on the return so filed, and the appellate court may review any intermediate order of the municipal court involving the merits or necessarily affecting the judgment appealed from and may reverse, affirm or modify such judgment and cause the proper judgment to be entered in such appellate court, or may, if necessary or proper, remand the case to the municipal court for a new trial or other further proceedings. * * * The district court shall have * * * the same powers in cases of appeal therefrom [the municipal court] that it now possesses in cases of appeal from courts of justices of the peace, except as otherwise provided in this act." Sp. Laws 1885, p. 320 (c. 115, § 17).

These provisions are ample to authorize the judgment of the district court, especially the last one quoted; for it gives to the district court the same power in cases of appeals from the municipal court as it possesses in cases of appeals from justice court, it not being otherwise provided in the municipal court act. If the appeal in this case had been from the judgment of a justice court, the judgment rendered by the district court would have been authorized. Thorson v. Sauby, 68 Minn. 166, 70 N. W. 1083. Therefore it necessarily follows that the district court did not err in directing judgment for the plaintiff on the appeal from the municipal court. The provisions of Laws 1895, c. 320, have no application to trials in municipal courts. This is apparent from the title of the act.

Judgment affirmed.