AMELIA NEUHAUSER v. WENZEL BANISH.[1]

November 1, 1901.

Nos. 12,787—(128).

**Appeal from Justice Court—Review.**
> Where a justice, in his decision, excludes a material issue under the pleadings from his consideration, in an appeal taken from his judgment to the municipal court upon questions of law alone, the latter court is authorized to pass upon the question so excluded by the justice upon the evidence returned, as if it were an original issue in that court.

**Usury—Judgment.**
> Judgment of the municipal court in this case considered, and *held* to be reasonably supported by the evidence upon the issue that a loan was not usurious, and that plaintiff is entitled to recover.

Action before a justice of the peace to recover thirty-six dollars, and interest, upon a promissory note. From a judgment in favor of defendant, plaintiff appealed on questions of law alone to the municipal court of St. Paul. The case was tried before Orr, J., who found in favor of plaintiff for the sum of thirty dollars and interest. From a judgment entered pursuant to the findings, defendant appealed to the supreme court. Affirmed.

[1] Reported in 87 N. W. 774.

*John F. Fitzpatrick* and *George C. Rogers*, for appellant.

*S. C. Olmstead*, for respondent.

LOVELY, J.

Action in justice court to recover on a promissory note for thirty-six dollars, payable in three instalments of twelve dollars each, due respectively in one, two, and three months. Defendant answered that he signed the note as a guarantor upon condition that he should be notified upon default of the original maker, one McArthur, or upon failure to give such notice he should be relieved from responsibility; that such notice never was given; that certain payments had been made thereon, but not credited; also that the original payee received from the plaintiff only thirty dollars; that six dollars was added to the note as interest; and that the note was made to read thirty-six dollars at 10 per cent. in order to avoid the usury laws.

Upon the trial the justice decided for defendant, holding in express terms that he signed as guarantor, and was entitled to notice on the nonpayment of the instalments; and that for failure of notice he was relieved from liability. Upon this decision judgment was entered. Thereupon appeal was taken to the municipal court of the city of St. Paul, upon questions of law alone; the entire evidence being returned. The municipal court reversed the judgment of the justice, and found in favor of the plaintiff, stating in its memorandum that he held defendant liable as maker of the note.

It appears that defendant went with McArthur, the maker of the note, to the office of plaintiff, where a conversation occurred, from which we quote defendant's evidence from the record:

"Miss Neuhauser asked, 'How much do you want?' McArthur said, '$30,' and introduced me as the man who would go his security. She said that will be $36,—$12 per month until April 15th,—to be paid in full. I agreed to indorse the note for McArthur. That is all the talk I had with Miss Neuhauser."

Defendant then signed the note, and plaintiff gave her check to McArthur for thirty dollars.

This constitutes the substance of the entire evidence to estab-

lish the claim of usury. It does not follow from this that the remaining six dollars was for interest. The most that can be said is that such a transaction established a single incident consistent with a usurious agreement, while it does not appear either directly or indirectly that an unlawful contract had been made between the maker and the plaintiff to pay that sum for the use of the money. It does not even appear, as between the maker and the payee of the note, that the thirty dollars was the only consideration which McArthur had received for the note, although it might be conjectured that such was the case, but in this respect the evidence falls short of the measure of proof held sufficient for the submission of that question sustained in the case of Egbert v. Peters, 35 Minn. 312, 29 N. W. 134. If it were conclusive upon the evidence presented in the return that the defense of usury had been established, we would be required to hold that the judgment of the justice should have been affirmed; but, having decided the case upon an entirely different ground, it would seem that question was impliedly excluded.

It is urged under authorities in this court that the justice should have found the contract usurious; that his decision, being right, should be sustained, although he gave a wrong reason therefor. This rule has been applied to trials in the district court, but we can hardly extend its effect to the decision of the justice in this case, for it appears that he did not pass upon the issue of usury, and the rule referred to does not apply to the determination of a justice of the peace where no opportunity is given to a party to request findings on a specific issue. Hence upon this appeal it was the duty of the municipal court judicially to consider and pass upon the evidence returned.

The municipal court having acted originally upon the evidence, the only question which we can consider upon an appeal from its judgment is whether its conclusions are reasonably supported by the evidence; and, as above indicated, we think the evidence fairly tended to support the judgment, which is affirmed.

START, C. J. (dissenting).

I dissent. The justice of the peace heard the evidence, and

entered in his docket a judgment for the defendant, and the plaintiff appealed to the municipal court on questions of law alone. The sole question for such appellate court's consideration was whether the judgment of the justice was justified by any fair view of the evidence found in the record, not whether he gave a right or wrong reason for entering the judgment.

The statute (G. S. 1894, §§ 4961, 5022) neither requires nor contemplates that justices of the peace shall make findings of fact or enter of record their reasons for their judgments. It follows that the entry in his docket by the justice in this case of his reasons for his judgment is surplusage, to be disregarded, and the sole question is whether his judgment is sustained by the evidence. It seems to me that it is. The issue of usury was tendered by the answer, and the evidence of the defendant on this issue, uncontradicted and unexplained as it was, is ample, in my opinion, to justify the conclusion that the plaintiff exacted interest on the amount of the loan represented by the note at the rate of eighty per cent. per year. If such be the case, it follows that the judgment of the justice, not his attempted reasons, is sustained by the evidence, and ought to be affirmed.