HENRY C. WHITE, TRUSTEE, *vs.* FRANK M. HOLLY ET ALS.

Third Judicial District, New Haven, January Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A writing in the form of a will, whether valid as a testamentary disposition or not, may be an adequate exercise of a power of appointment, if that appears upon the face of the writing to have been the intention of its maker and the paper is executed as required by the instrument creating the power.

A deed of trust, made by a former resident of this State and having reference to its laws, but executed out of this State, provided that a power of appointment, reserved therein to the grantor, was to be exercised by a writing in the nature of a last will and testament executed according to the forms required by the statutes of this State for a will of real estate. The donee of the power, intending to exercise it, as the writing declared, executed an instrument in the nature of a will in New York, according to the laws of that State, which required but two witnesses. *Held:*—

1. That inasmuch as our statute (§ 293) made a will executed in another State or country according to its laws admissible to probate in this State and effectual to pass any estate of the testator situated here, the power of appointment in question was adequately exercised.

2. That the admission of such an instrument to probate in this State was immaterial in so far as the execution of the power was concerned.

3. That the trust deed was a contract, and having been made with reference to the laws of this State was to be construed accordingly, regardless of the last domicil of the grantor.

Argued January 22d—decided March 3d, 1908.

SUIT by a trustee under a voluntary settlement, brought to the Superior Court in New Haven County for an adjudication as to his duties under the instruments of settlement and the will of the settlor, which purported to be an exercise of a power of appointment; heard before *Gager, J.*, who rendered judgment that the power was well executed, from which the heirs at law appealed. *No error.*

In 1862, Alice Glover Edwards Vinton of New Haven conveyed certain property, real and personal, to Samuel Currey, and also all the property which she had received or might at any time thereafter acquire by devise, bequest or inheritance from her deceased grandfather John I. Glover, or from any of his children or grandchildren, or from her father, Alfred P. Edwards, in trust to hold it free from any claim of any future husband of the grantor; to pay over the net income to her, to her sole and separate use; and on her decease to pay and convey the principal to such person or persons and on such estates and in such manner as she should " by any writing in the nature of a last will and testament executed according to the forms required by the statutes of Connecticut then in force at the time of such execution by her for a will of real estate, direct, devise, bequeath and appoint; " and in default of any " such testamentary writing," to pay and convey the estate to her child and children, if any should survive her and be then living, or to their issue ; and if she should leave no surviving descendants, then to pay and convey the estate to her heirs at law, in the same proportions as if it were intestate estate to be disposed of under the then existing statutes of distribution of Connecticut.

She married, in 1876, one Moreau of Paris, France, from whom she was divorced by a decree of a French court in 1894. In 1905 she died in Lausanne, Switzerland, leaving

no surviving descendants. By resignations or deaths of successive trustees, and mesne appointments of a successor, and sundry conveyances essentially similar to that to Currey, and after the greater part of the property conveyed to him had ceased to be a part of the trust fund, the plaintiff was duly appointed trustee of the fund, and the remainder thereof, being funds coming to her from her grandfather John I. Glover under a decree of a New York court, in 1894, became vested in him under a conveyance from Mrs. Moreau, executed in New York May 7th, 1897, in which she described herself as of New Haven. This remainder consisted wholly of personal property.

Mrs. Moreau left a writing testamentary in character, of which the following is a copy :—

" Chère Elise Frieschmann,

Hotel Bellevue, Genève,

Chère Madame Frieschmann,

Tous mes vêtements sont à vous. Je vous les donne. Tout ce qui est dans les malles, lingerie, robes, etc., chapeaux et toutes les choses, mes fourrures, dentelles, etc.

A. E. V. MOREAU,

Lausanne, Lundi, Novembre 29, 05."

Pursuant to this writing certain personal property therein referred to is being administered under direction of court in said city of Lausanne.

Mrs. Moreau left a will, which has been duly admitted to probate as such by the Court of Probate for the district of New Haven. The material parts are as follows :—

" I, Alice Edwards Moreau, formerly Alice Edwards Vinton, of the city of New Haven, State of Connecticut, in the United States of America, do make, publish and declare this to be my last will and testament, hereby intending to include and affect thereby all the real estate and personal property belonging to me at the time of my death, or over which I have any power of disposition or appointment by my last will and testament, intending hereby to exercise all such powers conferred on me, and to include

in and dispose of by this my will all said real estate and personal property.

## I.

" All said real estate and personal property, I give, devise and bequeath to my executor or executors hereinafter named, and their successors, as trustee or trustees, during the life of my son, Francis Jones Vinton, who by a judgment of the Court of Common Pleas, in the city of New York, assumed the name of Alfred Pierrepont Edwards, upon the trust to receive the rents, issues and income thereof, and after paying all charges, which by this my will I direct to be paid out of income, to apply the net income to the support and maintenance of my said son, in such manner as said trustee or trustees shall think best, or to pay the same directly to him, if he or they shall think best.

" Upon the further trust, after the death of my said son, to hold such trust estate as trustee or trustees during the life of my cousin Henrietta Whitney Champlain, to receive the issues and income thereof, and after paying all charges, which by this my will I direct to be paid out of income, to pay over to her in quarter-yearly payments the net annual income.

" Upon the death of said Henrietta Whitney Champlain, if she shall survive my said son, then, I give, devise and bequeath said trust estate to be equally distributed *per stirpes* between the descendants, if any, of said Henrietta Whitney Champlain, my cousin, Frances Edwards Champlain, if she shall then be living, or if not, then to her descendants, if any, and my cousin, Elizabeth Stoddard Champlain, if she shall then be living, or, if she shall not then be living, then to her descendants, if any.

" Upon the further trust, should my said cousin, Henrietta Whitney Champlain, not survive me, or should she not survive my said son, then said trust estate, upon the death of my said son shall be held by my said executor or executors, as trustee or trustees, during the life of my cousin, Frances Edwards Champlain, to receive the rents, issues

and income thereof, and after paying all charges which by this my will I direct to be paid out of income, to pay over to her in quarter-yearly payments the net annual income.

"Upon the death of said Frances Edwards Champlain, if such executor or executors, as trustee or trustees, shall have held the said trust estate during her life as aforesaid, then I give, devise and bequeath said trust estate to be equally distributed *per stirpes* between the descendants, if any, of said Henrietta Whitney Champlain, the descendants, if any, of said Frances Edwards Champlain, and my cousin Elizabeth Stoddard Champlain, if she shall then be living, or if she shall not then be living, then to her descendants, if any."

The executors and trustees named in the will renounced their offices, and the New Haven Trust Company was duly appointed trustee in their stead. It was undisputed that the name "Champlain" in the will was meant for "Chaplain." Frances Edwards Chaplain and Elizabeth Stoddard Chaplain survived the testatrix.

This will was executed in New York in 1892, and attested by two witnesses only.

The Superior Court adjudged that it was executed according to the forms required by the statutes of Connecticut in force at the time of such execution to pass real estate by devise, and ordered that the fund be paid over to the New Haven Trust Company, to hold for the benefit of Frances Edwards Chaplain and others.

*William H. Williams* and *Edward A. Harriman*, for the appellants (Frank M. Holly *et als.*).

*George D. Watrous* and *Eliot Watrous*, for the appellees (Frances Chaplain *et als.*).

BALDWIN, C. J. The settlements made by Mrs. Moreau were voluntary, and reserved a right to enjoy the entire income for her life and to dispose of the principal after her death in favor of whom she pleased, as she might " direct,

devise, bequeath and appoint " by any instrument in the nature of a will, executed in a manner sufficient under the laws of Connecticut to sustain a devise. If this left her so far in the position of the equitable owner that she could bequeath the fund by will (as to which point we express no opinion), and if the effect of her will which has been admitted to probate is to be determined by the laws of this State, she has made an effectual bequest in favor of the cousins designated in that instrument. Although it was attested by but two witnesses, no more were required by the laws of New York, where it was executed ; and by General Statutes, § 293, " all wills executed according to the laws of the state or country where they are executed may be admitted to probate in this state, and shall be effectual to pass any estate of the testator situated in this state."

Whether the will could take effect as such, however, with respect to the fund in question, might depend on the law by which the succession to her personal estate should be regulated, and her domicil at the date of her decease does not clearly appear from the record to have been in Connecticut. *Irwin's Appeal*, 33 Conn. 128, 136.

But we are of opinion that the case must turn on the adequacy of her exercise of a power of appointment, and that this must be determined by the terms prescribed in the deeds of settlement. What is required by these is the law of the case.

The phrase, customary in the creation of powers of appointment, and employed in the trust deed to the plaintiff, that they may be exercised " by any writing in the nature of a last will and testament," is apt, to meet the case of the possessor of such a power who possesses nothing else. Having no property of his own to dispose of, he has no occasion to make a will. So far as appears on the record, Mrs. Moreau left no property (other than such interest in the principal or income of the trust fund, if any, as might belong to her under the settlement) except some personal apparel, over the disposition of which the Swiss courts

have assumed jurisdiction, by virtue of a holographic will executed in Lausanne.

·The dispositions made in her New York will purport to include all the property belonging to the testatrix at the time of her death, and also all over which she had " any power of. disposition or appointment " by will. If it was executed in the manner prescribed for the instrument serving to exercise. the power, its words of gift, devise, and bequest, in connection with the previous statement of an intent to exercise all powers of disposition or appointment, were a sufficient exercise of it. *Hollister* v. *Shaw*, 46 Conn. 248, 252.

.It was so executed. Had she owned real estate in Connecticut, it would have been effectually devised, by virtue of the statute which has been quoted. Two different forms of execution were, at the time when she signed this will, permitted by the statutes of Connecticut for a will of real estate. One or the other of these every testator was required to adopt; for no devise can be effectual unless made in a will executed in conformity with our statutes. General Statutes, § 293. Which of the two should be adopted was left to the option of every testator, in case he signed his will in another State or country. For a person acting under such circumstances, resort to one form was required no more and no less than resort to the other. ·Mrs. Moreau signed her will in New York and chose to adopt the form which accorded with New York law. It was her right to make such an election, and by force of it the instrument which she executed became a writing in the nature of a will executed according to the forms required by the statutes of Connecticut then applicable to a will of real estate.

It is immaterial to the decision of this cause that the writing has been admitted to probate as a will. Had it not been offered for probate, its effect would have been the same, so far as concerns the execution of the power. .Whether Mrs. Moreau had or had not a foreign domicil, ·the test of the sufficiency of her New York will to execute

the power is not whether that will is admissible to probate in Connecticut, but whether it is executed in the way required by Connecticut for wills of real estate.   The domicil of Mrs. Moreau at the time of her decease could only be important if it were necessary to determine what law governed the succession to such personal property as she might leave.   It is not necessary in this case, because to ascertain such domicil could throw no light on the construction of a paper executed many years before at a place where it has not been contended by any one that she was then domiciled.   The paper was a contract by deed.   A contract is to be construed according to the law of the place with reference to which it is made.   *Beggs & Co.* v. *Bartels,* 73 Conn. 132, 133, 46 Atl. 874.   The original deed of settlement to Mr. Currey, though made in Providence, was a settlement of funds owned by a Connecticut woman, in such a way as to give her the entire beneficial estate during her life, and a power to determine the disposition of both the legal and equitable estate after her decease.   The latest of the deeds of settlement, made in New York, describes her as of this State, and was of a similar character.   Each referred to provisions in the laws of Connecticut as rules to be followed in certain particulars in the exercise of the power, and as prescribing, in default of its exercise, the mode of distributing the estate. Each contemplated the appointment of a successor to the trustee named by the grantor " with the advice and consent of the judge or court of probate of the town, city or probate district within which she " should reside at the time of the appointment, and these terms were seemingly chosen in view of the probate system of Connecticut.   The law of this State, therefore, was that with reference to which it is to be presumed that the deeds were drawn, and their construction would be the same, even if it were to be assumed that her last domicil was in a foreign country.

There is no error.

In this opinion the other judges concurred.