O. D. EGBERT v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

October 16, 1908.

Nos. 15,791—(121).

**Evidence.**

> The evidence considered, and *held* sufficient, within the rule of Croonquist v. Flatner, 41 Minn. 291, to sustain a judgment rendered by a justice of the peace.

Action commenced in justice court to recover $9.31, the value of a barrel of gasolene and prepaid freight charges alleged to have been shipped to plaintiff by the Shell Lake Boat Company from St. Paul over defendant's road. The case was tried before a justice of the peace without a jury and judgment rendered in favor of plaintiff. Thereafter defendant appealed on questions of law alone to the municipal court of St. Paul, Hanft, J., which affirmed the judgment of the justice. From the judgment in favor of plaintiff, defendant appealed. Affirmed.

[1] Reported in 117 N. W. 998.

*Leslie Kinnard* and *Alfred H. Bright,* for appellant.
*James Cormican,* for respondent.

BROWN, J.

Action in justice court to recover the value of a barrel of gasolene alleged to have been shipped over defendant's line of railroad in the name of the Shell Lake Boat Company, to be delivered to plaintiff, the owner, at the point of destination, and which, plaintiff claims, defendant failed to transport and deliver in accordance with the contract of shipment. Plaintiff had judgment before the justice for $9.31, the value of the gasolene and prepaid freight charges, and defendant appealed to the municipal court of the city of St. Paul on questions of law alone, where the judgment was affirmed. From the judgment of that court, defendant again appealed.

The sole question presented by the assignments of error is whether the evidence, which was returned on the appeal to the municipal court, was sufficient to justify the justice in finding the facts necessary to support the recovery by plaintiff. Our examination of the record leads to an affirmance. The evidence is quite meager and somewhat unsatisfactory, but, fairly considered, with such inferences as may legitimately be drawn from the testimony, is such that from it the justice "might have found facts" necessary to support the action. Croonquist v. Flatner, 41 Minn. 291, 43 N. W. 9.

Defendant by its answer admitted the receipt on August 15, 1906, of a barrel of gasolene for shipment to the Shell Lake Boat Company, at Mackina, Wisconsin. The evidence is sufficient to show that the barrel so received by it, though shipped in the name of the boat company, in fact belonged to and was the property of plaintiff, and that the bill of lading issued by defendant at the time it received the gasolene required its delivery to plaintiff. The evidence also shows that the gasolene was never delivered in accordance with the contract, either to the plaintiff or to the boat company, though the agent of defendant offered to plaintiff, some six weeks after the date of the shipment, a gasolene barrel he had found among some empty barrels on the station platform which plaintiff declined to accept for the reason that it was "only half full." But we fail to discover in the record any evidence which would require a finding by the justice that this

particular barrel was the identical one shipped for plaintiff, in the absence of which defendant is in no position to urge that it attempted a part delivery of the property intrusted to it for shipment, which plaintiff refused to accept. The evidence that plaintiff bought and paid for a barrel of gasolene containing fifty or fifty two gallons, coupled with the admission in the answer of defendant that it received a "barrel of gasolene" for shipment, justified the justice in concluding that a full barrel of fifty gallons was delivered to defendant. Plaintiff testified that he paid $9.31 for the gasolene and freight charges. The justice had the right, from this, to assume or infer that he paid the market price for the commodity, and that it was reasonably worth and of the value of the amount paid. Though the evidence, as already suggested, is exceedingly meager, and some of it doubtless inadmissible, and should have been excluded by the justice, still no exception was reserved, and we are required to consider it for what it is worth. Lindquist v. Dickson, 98 Minn. 369, 374, 107 N. W. 958, 6 L. R. A. (N. S.) 729.

Judgment affirmed.