## B. S. PHILLIPPS v. E. W. WEBB.[1]

April 24, 1914.

Nos. 18,636—(174).

**Action for damage to contractor.**

1. In an action brought by a contractor, constructing a town drain, for damages for interference with such construction, wilful or negligent interference must be proven and also the amount in which the contractor has been damaged. In this case no damages were shown, even conceding that there was some evidence of negligence.

**Appeal from justice of the peace — verdict not supported by evidence.**

2. On appeal to the district court on questions of law alone the cause is tried on the evidence returned, and where such evidence does not support a

[1] Reported in 146 N. W. 1100.

verdict for plaintiff, but discloses a want of a meritorious cause of action, it is proper to order judgment for defendant.

From a judgment of the district court for Sibley county, entered pursuant to the order of Morrison, J., reversing a judgment of a justice of the peace in favor of plaintiff, he appealed. Affirmed.

*Young & Quandt,* for appellant.

*George A. & C. H. MacKenzie,* for respondent.

HOLT, J.

The verdict in the justice court against defendant was only for twenty-five cents, nevertheless he felt aggrieved and appealed to the district court on questions of law alone. On the record the district court considered that plaintiff had not proven himself damaged even in that small sum and ordered judgment for defendant. Plaintiff appeals from the judgment.

A tile drain established by the town board was being constructed over defendant's farm by plaintiff, the contractor, in October last. On the twenty-fourth of that month plaintiff and two laborers were engaged in the work and had then excavated three or four hundred feet of the ditch ready for the tile. The defendant was working near by moving or building fences. He had a team and wagon, and also used a single horse to drag the barbed-wire fence strands to the desired place. When this horse was hitched to a strand of wire defendant's 13-year-old son led the animal to where the wire was to be used and defendant took care that the wire ran out properly as the horse pulled. In the middle of the forenoon the boy started with a wire towards the place where plaintiff and his men were digging. Defendant's instruction to the boy was to go up to the ditch, then turn west along its course. Plaintiff and his men testify that when the boy came to the ditch, which was at that point two feet wide at the top and about three feet deep, he jumped across, and indicated to the horse by a pull on the halter that he might try the same feat. The horse evidently accepted the challenge but fell short in the performance and dammed the ditch. As far as the record shows neither the unhappy plight of beast nor owner aroused enough sympathy either

in plaintiff or his men to offer any assistance, even by way of advice. However, defendant with the aid of the boy, a spade, a log chain and the team succeeded in extricating the horse within half an hour. In the operation about a load of dirt filled in the ditch to a depth of about 18 inches, thus obstructing the flow of the water, so that one of plaintiff's men who was working in the bottom of the ditch was obliged to shift his position for the time being. When defendant got the horse out he at once went about his fencing, but plaintiff hastened away to a justice of the peace and started a criminal proceeding as well as this action for damages against defendant, both warrant and summons being served on him before seven o'clock that evening.

Plaintiff bases his claim upon section 5666, G. S. 1913, which reads: "Any person wilfully or negligently obstructing or in any way injuring any work constructed under the provisions of this act or allowing such ditch to be injured or obstructed by his livestock, horses or cattle or diverting the water in said ditch or interfering with the construction of said ditch, shall be guilty of a misdemeanor and shall also be liable to any or all persons or corporations injured by said act in treble damages." The court below was of the opinion that the record does not show either wilful or negligent interference with the construction of the ditch, nor any damage or injury suffered by plaintiff. We concur in this view. It is inconceivable that defendant designedly got the horse in the ditch in order to have occasion to interfere with its construction by filling in some dirt in the rescue work. On the contrary it appears that he was much concerned about the horse and threatened to make some one suffer if injury or death resulted to the animal. The defendant was on his own land and could there do what he pleased so long as he did not wilfully or negligently interfere with the construction of the ditch. He did not personally have control of the horse, nor was he so near that he could caution the boy when it became apparent that danger was at hand. Even if a person is to be charged with knowledge that a two-feet ditch is a challenge to a 13-year old boy to jump it, we submit no one is bound to anticipate that it would have the same effect on a 15-year-old farm horse even when taunted by the display of a boy's

agility. Plaintiff and his men were within a few feet of the boy and horse as these approached the ditch, but none thought it necessary to caution against danger. What occurred was a pure accident. After it happened it was necessary to get the animal out, and the only wrong, if any, occasioned by defendant was in failing to promptly shovel out the dirt that fell in during the rescue work. There is however no evidence showing a desire or request by plaintiff that defendant should restore matters.

But, even if it be conceded that on this state of facts the jury could find actionable negligence in failing to clear the ditch, the court was unquestionably correct in holding that the record does not show that plaintiff suffered any damage or injury in any amount whatever. There is no evidence that either plaintiff or his servants threw out a single shovelful of the dirt which fell in in getting the horse out, nor that its removal cost him one cent. To be sure he testified that it was worth $2 to remove it. But when at the trial defendant offered to' prove that the same day and before he was served with the summons the ditch was cleared without any expense to plaintiff or effort on his part, plaintiff strenuously objected on the ground that the action was already begun even if the summons had not been served. If plaintiff's evidence had tended to prove any damage or injury, the ruling of the justice sustaining the objection would certainly have been prejudicial error requiring a reversal of the judgment. But with no evidence of damage or injury in the record we think the district court was right in ordering judgment for defendant. Section 7605, G. S. 1913, provides that "upon an appeal upon questions of law alone, the action shall be tried in the district court upon the return of the justice." If the return shows that defendant as a matter of law was entitled to a verdict the order for judgment in defendant's favor was right. Kates v. Thomas, 14 Minn. 343 (460); Thorson v. Sanby, 68 Minn. 166, 70 N. W. 1083; Neuhauser v. Banish, 84 Minn. 286, 87 N. W. 774. There may be cases where the district court in furtherance of justice on appeal from the justice court on questions of law alone should not render judgment for defendant on failure of plaintiff to prove a meritorious cause of action, but, it occurs to us, this case is well outside that class. Without a

request to repair the alleged injury (which might have been done by 15 minutes work with a spade), plaintiff starts litigation involving the waste of days of time for courts, jurors, witnesses and litigants, and many dollars of outlay for both winner and loser with no hope of any but a trifling return. In such an appeal courts may be pardoned for a desire to end litigation, if possible, and we approve of the trial court's effort in that direction both on the law and on the facts of this case.

Judgment affirmed.