## IOWA GUARANTEE MORTGAGE CORPORATION v. O. B. KINGERY.[1]

November 14, 1930.

No. 28,135.

*Theodore R. Johnson* and *John F. Flynn,* for appellant.
*J. A. Cashel* and *Arnold W. Brecht,* for respondent.

HOLT, J.

Plaintiff appeals from a judgment in replevin directing a return to defendant of an automobile taken on the writ, or for its value.

The action was brought in the municipal court of Worthington.

[1] Reported in 233 N. W. 18.

The complaint alleged ownership and right of possession in plaintiff of an Essex automobile wrongfully detained by defendant. The answer contained a general denial and claimed damages because of the alleged wrongful taking of the car from him under the writ. The evidence disclosed that plaintiff's right to the car rested upon a promissory note and conditional sales contract transferred to it by the Sioux Hudson Essex Company. Herman Morkrid was the purchaser of the car and maker of the note, his residence address being stated as Lakefield, Minnesota. The contract purports to have been made at Sioux Falls, South Dakota, and the purchaser agreed to make the payments to plaintiff at Des Moines, Iowa. The contract was executed August 10, 1928, and five days later filed in the office of the register of deeds of Jackson county, Minnesota, in which county Lakefield is situated. The contract calls for the payment of $662.76, the balance of the purchase price according to the terms of the promissory note, which so far as here material reads:

"The sum of Six Hundred Sixty-two and 76/100 Dollars ($662.76) payable at the rate of Fifty-five and 23/100 Dollars ($55.23), every ( ) month, ( ) three months, ( ) four months after date, until the entire sum is paid."

The only person called by plaintiff to prove its case as to ownership and default was one Seabury, who testified that he "represented" plaintiff. He was not present when the conditional sales contract was made. He testified that $220.92 had been paid but did not know at what time or times. No payment was indorsed on the note or mortgage.

The municipal court entered this judgment:

"The court hereby finds for the defendant upon the grounds that plaintiff has failed to prove its right to the possession of the property at the commencement of this action for the reason that they failed to show any default in the payment due under Exhibits A and B [note and contract] introduced in said action.

"It is therefore ordered that the defendant have judgment for the return of the property described in the complaint, or if the property be not returned, that the defendant have judgment for the

sum of $500.00 the value thereof, and that the defendant recover the sum of $50.00 damages together with his costs and disbursements for the wrongful taking and the detention of the property described in the complaint."

Plaintiff appealed to the district court from the judgment, stating in the notice of appeal "that the said appeal is taken upon questions of law alone." The district court ordered the judgment modified by striking therefrom the $50 damages as being in excess of the jurisdiction of the municipal court, but in other respects affirmed the judgment. The district court made no formal findings. Plaintiff's motion for such was refused.

Error is assigned on the refusal to make findings of fact. The district court does not try a case de novo when the appeal is upon questions of law alone. The sole question of law in the case was whether the evidence heard by the municipal court sufficiently supported the judgment. The court was of the opinion that it did except as to the amount awarded in excess of $500. And judgment was accordingly entered. We think there was no prejudicial error here. Appeals from the municipal court of Worthington are to be disposed of in the manner in which appeals from justice courts are handled. G. S. 1923 (1 Mason, 1927) § 236. When the appeal is on questions of law alone there is no fact for the court to consider nor of the effect of the evidence except to determine whether it is such that from it the justice might have found facts that would justify the judgment. Croonquist v. Flatner, 41 Minn. 291, 43 N. W. 9; Meister v. Russell, 53 Minn. 54, 54 N. W. 935; Thorson v. Sauby, 68 Minn. 166, 70 N. W. 1083; Egbert v. M. St. P. & S. S. M. Ry. Co. 106 Minn. 23, 117 N. W. 998.

On the merits of the appeal the district court said:

"There is so much uncertainty as to default, that I am inclined to agree with the learned municipal court that a default in the terms of the note was not clearly shown to exist at the time of the commencement of the action."

This ground appears sound to us. It is now claimed that the contract had been breached in that the car was outside Jackson

county; but the record of the trial refutes such contention, nor is any definite county named in the sales contract. The issue raised by plaintiff at the trial was default in the payments due. As the note reads it is impossible to tell whether the payments of $55.23 were to be made every month, or every three months or every four months. Since $220.92 had been paid after August 10, 1928, if the payments came due every three months or every four months there was nothing due in March, 1929, when the action was brought. On this state of the record it cannot be said that the courts below erred in ruling that default had not been proved.

We are of the opinion that the ground upon which the district court preferred to place affirmance is not tenable. A conditional sales contract, filed with the register of deeds in the county of the buyer's residence in this state, protects the title of the seller from the date of filing, regardless of the place where it was entered into or the place where the payments are to be made. We are well aware that in some states the contract would pass title while in others it operates as a chattel mortgage. But as between seller and buyer there is no reason to question the legality of the contract anywhere. And being duly filed in the county in this state where the buyer resided, it was notice as to subsequent claimants through him and his creditors. Hervey v. Rhode Island Locomotive Works, 93 U. S. 664, 23 L. ed. 1003; James Beggs & Co. v. Bartels, 73 Conn. 132, 46 A. 874, 84 A. S. R. 152; annotation to Turnbull v. Cole, 25 A. L. R. 1154. The residence of the buyer being in this state, it is to be assumed that the automobile purchased was to be brought and used here. Hence, with regard to the rule of lex contractus, the court in James Beggs & Co. v. Bartels, 73 Conn. 132, 133, 46 A. 874, 84 A. S. R. 152, said:

"That general rule does not apply when it appears that the contract is to be performed or is to have its beneficial operation and effect elsewhere, or that it is made with reference to the laws of another place."

However, since the judgment was a proper judgment in any event, it is immaterial that one of the grounds assigned by the district court for affirming the same was erroneous.

But aside from not proving default, we think plaintiff on this record failed to prove title or right of possession. Defendant was in possession of the car when it was taken from him under the writ. Plaintiff's representative and witness did not and could not testify that the Sioux Hudson Essex Company owned the car when the contract in evidence was made. The defendant did not trace his title through the buyer in that contract. He testified he bought the car from Ole Morkrid. Again, it appears that the car had been in this state for several months and operated on our highways. Such property must be licensed and ownership made a matter of record in the office of the secretary of state, who issues a certificate of ownership to the owner. There was an entire absence of any proof of ownership or registration under the motor vehicle law, G. S. 1923 (1 Mason, 1927) §§ 2677, 2679, or under L. 1927, p. 148, c. 94 [1 Mason, 1927, §§ 2684-1 to 2684-7].

We are of opinion that the judgment should be affirmed.